OPINION OF THE COURT
Hilda G. Schwartz, J.
This is a motion by the defendant Ford Motor Company (Ford) for an order pursuant to CPLR 908 approving the compromise of the individual claims of the named plaintiffs and the discontinuance of this action without notice to the putative class.
The plaintiffs have defaulted in appearing on this motion and have submitted no papers in opposition.
This action has not been certified as a class action and movant Ford asserts that this action does not satisfy the prerequisites to certification as a class action. Nevertheless, Ford moves for court approval of a proposed compromise as a class action under CPLR 908 which applies only to class actions. In order to permit Ford precertifica *445 tian discovery, two orders extending plaintiffs’ time to move for class certification to May 2, 1980 and June 6, 1980, respectively, were issued.
Plaintiffs’ complaint alleges purported requisites of a class action on behalf of all New York residents owning 1974 through 1977 model vehicles manufactured by Ford and equipped with a 351M or 400 C.I.D. engine. It alleges the susceptibility of these vehicles to develop a cracked engine block and seeks damages and injunctive relief for alleged violations of the Magnuson-Moss Warranty Act (US Code, tit 15, §§ 2301-2312) and New York State warranty law.
On February 8, 1980 Ford served its answer, asserting a number of affirmative defenses and appended to its answer a copy of Ford’s extended policy program which it had voluntarily instituted in response to complaints it had received about cracked engine blocks in 351M and 400 C.I.D. vehicles manufactured from 1974 through 1977. Plaintiffs served Ford with their first set of interrogatories on March 19, 1980. On April 16, 1980 Ford produced certain information and documents in lieu of answers to interrogatories pursuant to agreement which included a stipulation of confidentiality.
After the conclusion of precertification discovery, counsel for the respective parties negotiated a proposed settlement, the terms of which are as follows:
(a) plaintiff Avena will receive from Ford either repair of the engine block of his 1977 vehicle or reimbursement of his out-of-pocket expenses for repair of his vehicle’s cracked engine block. Inspection has revealed that a new engine including battery is required. Credit for $181 will be given to Mr. Avena;
(b) plaintiff Silverman will receive from Ford an inspection of his 1977 Ford LTD vehicle at a mutually convenient time and place, such inspection to determine whether his vehicle has exhibited any of the known symptoms of the cracked engine block problem. If a crack is detected, it will be corrected;
(c) both plaintiffs Avena and Silverman will execute and deliver several releases to Ford acknowledging re *446 ceipt of consideration in connection with the compromise and releasing Ford from all liability relating to the cracked engine block problem of their vehicles;
(d) Ford will pay to the attorneys for the plaintiffs reasonable attorneys’ fees and expenses in the amount of $6,000;
(e) as a condition of the compromise of their claims, plaintiffs will seek and obtain an order of discontinuance which shall dismiss with prejudice all individual claims asserted by the named plaintiffs and discontinue without prejudice any claims purportedly asserted on behalf of the putative members of the alleged but uncertified class;
(f) as a condition of the compromise, Ford requires that the proposed order of discontinuance contain no notice to putative members of the alleged but uncertified class and that if the court determines that such notice is necessary, then Ford shall withdraw from this settlement agreement.
An affidavit of plaintiffs’ attorney is submitted in which he states that he has advised his clients that the settlement is fair, equitable and in the best interests of the parties. He states that they advised him that they agree to the terms.
There are submitted brief affidavits of plaintiffs Avena and Silverman, each stating that they have discussed the terms of the proposed settlement with their counsel. Neither specifically states that they accept it or agree to the terms.
The affidavits of plaintiffs and plaintiffs’ counsel each state that to their knowledge this action brought by them has attracted no publicity, and that they have not contacted or received inquiries from putative class members.
The extended policy program voluntarily instituted by Ford in response to the complaints it had received about cracked engine blocks was the subject of an FTC proceeding which did not alter the terms of the program (Ford Motor Co., FTC Docket No. 9105, consent order to cease and desist, Feb. 21, 1980). Notice of such policy program *447 was given by mail to each owner of a subject vehicle. In it Ford stated that it will pay 100% of the costs of repair of any subject vehicle developing a cracked engine block within 36 months of ownership or 36,000 miles due to the causes identified.
This motion asking that this court, pursuant to CPLR 908, approve the alleged compromise and discontinuance of an alleged but uncertified class action is apparently an application of first impression.
The moving party, Ford, concedes that it does not appear that a New York court has applied CPLR 908 to circumstances similar to those of the instant case.
CPLR 908 states as follows: “Rule 908. Dismissal, discontinuance or compromise. A class action shall not be dismissed, discontinued, or compromised without the approval of the court. Notice of the proposed dismissal, discontinuance, or compromise shall be given to all members of the class in such manner as the court directs.”
Defendant Ford does not dispute that CPLR 908 provides that a class action shall not be discontinued or compromised without approval of the court and that the instant action is not a class action. No certification motion was ever brought and no court determination of a class action rendered.
Defendant contends that it has moved for court approval pursuant to CPLR 908 only because of the general rule which it asserts is followed by the Federal courts, that an action based on a complaint containing class action allegations should be treated as a class action even before a class certification motion has been made. Despite this contention, defendant argues that the likelihood of class certification in the action at bar must be considered remote. In addition, while urging application of CPLR 908, defendant urges application of only a portion of it, that of approval of the compromise and discontinuance. It urges that the court not comply with the second portion of CPLR 908, to wit: “Notice of the proposed dismissal, discontinuance, or compromise shall be given to all members of the class in such manner as the *448 court directs.” The giving of notice is mandated by the rule.
Thus, defendant in urging that this action be treated as a class action, although not determined as such, for the purpose of invoking CPLR 908 to obtain court approval of a compromise, with equal vigor argues that it not be treated as a class action and that CPLR 908 not be invoked so far as complying with the requirement of notice of the compromise to all members of the class.
Defendant Ford acknowledges that it “has moved for court approval pursuant to CPLR 908 only because of the general rule followed by the Federal courts that an action based on a complaint containing class action allegations should be treated as a class action even before a class certification motion has been made” (citing Weight Watchers of Phila. v Weight Watchers Int., 53 FRD 647, and Torres v New York State Dept, of Labor, 318 F Supp 1313). Neither of the cited cases involved applications for compromise or discontinuance of class actions. Weight Watchers concerned a claim of violation of the Sherman Act (US Code, tit 15, §§ 1-7). Torres was brought for a declaratory judgment on the constitutionality of certain sections of the New York Labor Law and the convening of a three-Judge court for that purpose.
In Weight Watchers of Phila. v Weight Watchers Int. (supra, p 651), the court held that “For the purpose of preventing and correcting abuses, once an action is filed as a class action it should be so presumed even prior to a formal determination that it is a class action.”
In Torres v New York State Dept, of Labor (supra), the court found that the action was appropriate as a class action under rule 23 (subds [a], [b], par [2]) of the Federal Rules of Civil Procedure.
Defendant refers to the statement of Professor D. Siegel (New York Practice, § 141, at p 178): “Until the New York courts have developed their own case law on Article 9, the lawyer (and the court) can turn, often if not always, to the substantial case law on Federal Rule 23 for ideas and guidance.”
*449 “Rule 23 outlines in a broad fashion general policies and directions that confide in the federal judiciary a wide range of discretion to prevent abuse in class actions or to issue remedial orders where abuse has already occurred.” (Weight Watchers of Phila. v Weight Watchers Int., supra, p 650.) Subdivision (e) of Federal rule 23 which is substantially the same as CPLR 908 states: “(e) Dismissal or Compromise. A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.”
“Upon determination that a class action may properly be maintained, certain rights enure to the benefit of each member of the class. * * * It is essential that the court prevent any acts of the representative parties from impairing these rights.” (2 Weinstein-Korn-Miller, NY Civ Prac, par 908-01; cf. State of West Virginia v Pfizer & Co., 314 F Supp 710, affd 440 F2d 1079.)
Thus if it seems that the representative party has failed to diligently prosecute the action or the representative party seeks to discontinue the action, the court should notify the class of the situation. (3B Moore’s Federal Practice [2d ed], par 23.80 [4].)
Weinstein-Korn-Miller (vol 2, NY Civ Prac, pars 908.01, 908.02, pp 9-133, 9-134) comments: “One problem which may arise with respect to the compromise of a class action is that the settlement may be agreed upon during the pendency of the motion to determine whether the action may proceed as a class action. For the protection of the members of the alleged class, the practice under the Federal Rules has been to presume the existence of a proper class action and to apply the requirements of approval and notice to any settlement entered into during this period. [See Miller, Problems of Giving Notice in Class Actions, 58 FRD 299, 313.] The need for such a rule * * * should be followed by the New York courts, to prevent collusion during this period and to prevent unfair, early settlements aimed at avoiding the requirements of the statute. Another question which may arise is the possibility of settlements with individual *450 members of the class rather than the class as a whole.
* * * In addition to the requirement of court approval of a dismissal, discontinuance or compromise, CPLR 908 requires in all cases that notice be given to all members of the class.”
The requirement of reaching all members of a class in a CPLR 908 application is appropriate since the individual rights of each member of the class may be impaired by a discontinuance or settlement of an action brought on behalf of such class, without sufficient notice and opportunity to raise objections to such discontinuance or settlement.
Defendant’s motion before this court specifies that it is “for an order pursuant to CPLR 908 approving the compromise of the individual claims of the named plaintiffs and the discontinuance of this action without notice to the putative class” (Emphasis added.)
Defendant has urged that this action be treated as a class action for purposes of this application under CPLR 908. The proposed compromise is clearly not a compromise or settlement with the class as a whole, but with two individual members of the class. It is not a proposed compromise with the class. In addition, defendant moves to dispense with notice to the putative class.
The instant application does not conform to or fulfill the requirements of CPLR 908.
Defendant’s motion for approval of the proposed compromise of the individual claims of the two named plaintiffs and for discontinuance of this action without notices to the putative class is denied.