■ RONNIE L. NAPOSKI, Appellant, v FIRST NATIONAL BANK OF ATLANTA, Doing Business as WACHOVIA BANK CARD SERVICES, et al., Respondents. [797 NYS2d 99]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Rudolph, J.), entered February 6, 2002, which granted that branch of the defendants' motion which was, in effect, to dismiss the complaint on the ground that the plaintiff lacked standing to sue.

Ordered that on the Court's own motion, AARP is granted leave to file a joint amicus brief with the National Association of Consumer Advocates; and it is further,

Ordered that the order is reversed, on the law, with costs, that branch of the defendants' motion which was, in effect, to dismiss the complaint on the ground that the plaintiff lacked standing to sue is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The Supreme Court erroneously determined that the defendants' attempt to refund the plaintiff's late payment fee successfully "mooted" the plaintiff's claims, as well as those of the putative class members, as the defendants had not yet served an answer, and the plaintiff had not yet moved or was required to move for class certification (*see* CPLR 902, 908; *Avena v Ford Motor Co.*, 107 Misc 2d 444, 449-450 [1980], *affd* 85 AD2d 149 [1982]; *White v OSI Collection Servs., Inc.*, 2001 WL 1590518,

2001 US Dist Lexis 19879 [ED NY Nov. 5, 2001]; *Schaake v Risk Mgt. Alternatives, Inc.*, 203 FRD 108 [2001]). We decline to follow the reasoning set forth in *Ambalu v Rosenblatt* (194 FRD 451 [2000]). Accordingly, we reinstate the complaint and remit the matter to the Supreme Court, Westchester County. However, we note that the Supreme Court must, upon remittitur, consider the remaining grounds for dismissal asserted by the defendants in their motion. Florio, J.P., Schmidt, Cozier and Crane, JJ., concur.