OPINION OF THE COURT
Shirley Werner Kornreich, J.
Motion sequence numbers 001 and 002 are consolidated for disposition.
*598 Defendants National Securities Corporation (NSC) and Mark Goldwasser move to dismiss this putative class action for lack of standing on the ground that plaintiff Christopher Vasquez has been paid the entire amount of his individual claim. (Sequence No. 001.) Plaintiff does not oppose dismissal, but contends that notice to the putative class must be given pursuant to CPLR 908. Plaintiff also moves for approval of his proposed class notice. (Sequence No. 002.) Defendants oppose on the ground that notice under CPLR 908 is not required. The motions are granted in part and denied in part for the reasons that follow.
I. Procedural History and Factual Background
On June 9, 2014, plaintiff commenced this putative class action against his former employer, NSC, and its owner, Goldwasser, for violations of the Labor Law. Plaintiff worked as a broker who cold-called prospective clients in the hope of selling them financial products and services. Plaintiff, and the other putative class of brokers, were allegedly not paid the legally required minimum wage and overtime. Class discovery commenced after a preliminary conference was held on December 16, 2014. (See document No. 12.)
On March 13, 2015, defendants filed the instant motion to dismiss because defendants paid plaintiff all of his alleged monetary damages. There, thus, is no class representative. For this reason, plaintiff does not oppose dismissal of this action. However, plaintiff avers that notice to the purported class must be afforded pursuant to CPLR 908. After the instant motion to dismiss was fully submitted, on April 6, 2015, plaintiff moved for approval of his proposed class notice.
II. Discussion
CPLR 908 provides that “[a] class action shall not be dismissed, discontinued, or compromised without the approval of the court. Notice of the proposed dismissal, discontinuance, or compromise shall be given to all members of the class in such manner as the court directs.”
New York law requires notice to the class where, as here, an individual settlement is reached prior to a decision on the merits of a motion to dismiss or a motion for class certification. (See Avena v Ford Motor Co., 85 AD2d 149, 152-153 [1st Dept *599 1982];[1] Borden v 400 E. 55th St. Assoc. L.P., 2012 NY Slip Op 33712[U], *7 n 2 [Sup Ct, NY County 2012, Gische, J.] [“Had any individual settlement been reached, the members of the putative class, even though not certified, would have been notified” (citing Avena)]; Astill v Kumquat Props., LLC, 2013 NY Slip Op 32964[U], *3 [Sup Ct, NY County 2013, Kern, J.] [“The First Department has made clear that (CPLR 908’s) requirements apply even when class certification has not yet occurred” (emphasis added)]; see also Naposki v First Natl. Bank of Atlanta, 18 AD3d 834, 834 [2d Dept 2005] [“The Supreme Court erroneously determined that the defendants’ attempt to refund the plaintiff’s late payment fee successfully ‘mooted’ the plaintiff’s claims, as well as those of the putative class members, as the defendants had not yet served an answer, and the plaintiff had not yet moved or was required to move for class certification” (citing CPLR 908, and Avena)]; cf. Matter of Empire Blue Cross & Blue Shield Customer Litig., 1995 WL 594723, *2 [Sup Ct, NY County, Sept. 29, 1995, Cahn, J.] [holding that notice under CPLR 908 is not required when the court already “ruled that the action cannot be maintained as a class action”].)
The wisdom of this rule has been questioned by many, including the CPLR commentary, which explains:
“[T]he court in [Avena] held that the court-approval and notice provisions of CPLR 908 were mandatory in the case of pre-certification agreements that settle only the named plaintiffs’ claims. Although the court’s interpretation of the statute may be correct, the wisdom of requiring notice in all such cases is debatable. Notice can be expensive, such settlements have no res judicata impact on the potential class members, and the court’s screening of the settlement terms, particularly in injunctive and declaratory actions, may be enough to insure protection for all. On the other hand, some settlements present the risk of a ‘sell out’ by the named plaintiffs, the court may be better informed about *600 potential collusion if interested parties are put on notice, and notice may protect potential class members against the running of the statute of limitations.” (See Vincent C. Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, CPLR C908:2.)
Indeed, Federal Rules of Civil Procedure rule 23 (e) (1) no longer requires such notice prior to class certification. (See Kulig v Midland Funding, LLC, 2014 WL 5017817, *5, 2014 US Dist LEXIS 137254, *12-13 [SD NY, Sept. 26, 2014, No. 13 Civ 4715 (PKC)].)[2]
Defendants’ briefs echo this position and urge the court to follow modern federal case law, which differs from the rule set forth in Avena and its progeny. Defendants argue that “Avena rests its reasoning on cases which have not withstood the test of time.” (See document No. 42 at 12.) Further, as defendants correctly observe, it is well established that our state courts look to rule 23 of the Federal Rules of Civil Procedure to inform New York’s class action law. (See City of New York v Maul, 14 NY3d 499, 510 [2010]; O’Hara v Del Bello, 47 NY2d 363, 368 [1979] [CPLR article 9 adopts general scheme of rule 23 of Federal Rules of Civil Procedure].) Nonetheless, this action is brought under article 9, and this court must follow the Appellate Division’s clear precedent. (D’Alessandro v Carro, 123 AD3d 1, 6 [1st Dept 2014] [“It is axiomatic that Supreme Court is bound to apply the law as promulgated by the Appellate Division within its particular Judicial Department, and where the issue has not been addressed within the Department, Supreme Court is bound by the doctrine of stare decisis to apply precedent established in another Department” (citation omitted)].) While defendants and respected commentators persuasively argue why the holdings in Avena (a First Department case) and Naposki (a Second Department case) are outdated and do not reflect the current state of federal class action practice, it is up *601 to the appellate courts or legislature to undo clear New York precedent and change policy.
That being said, the court will not rule on the sufficiency of plaintiff’s proposed notice (see document No. 39) at this time. Defendants aver that plaintiff’s proposed class notice “is objectionable on at least 12 grounds.” (See document No. 42 at 18.) Defendants, however, do not state their objections. They merely request the opportunity to do so if the court holds that notice under CPLR 908 is required. In light of the early posture of this case and the relatively small size of the purported class, the court will only approve a cost-effective, electronic notice, such as the emails plaintiff recently sent to the purported class via Linkedln (albeit without prior court approval). Most importantly, the costs shall be incurred by plaintiff’s counsel. The public policy underlying the significant class notice expense a defendant is usually compelled to pay, such as upon certification or after a class settlement is reached, is inapplicable in this case where only plaintiff and his counsel benefit. Further, discontinuance of this action is without prejudice to the rights of other putative class representatives. The recognition that dismissal of a putative class action at this stage has no preclusive effect on other potential class members appears to be a reason why the analogous federal rule was changed in 2003. (See Vincent C. Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, CPLR C908:2, citing Fed Rules Civ Pro rule 23 [e] [1] [“The court must direct notice in a reasonable manner to all class members who would be bound by the proposal” (emphasis added)]; see also Kulig, 2014 WL 5017817, *5, 2014 US Dist LEXIS 137254, *13, quoting Advisory Comm Notes to 2003 Amend of rule 23 [“Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)’s reference to dismissal or compromise of ‘a class action.’ That language could be — and at times was — read to require court approval of settlements with putative class representatives that resolved only individual claims. The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise” (citation omitted)]; Picerni v Bilingual Seit & Preschool Inc., 925 F Supp 2d 368, 376 n 2 [ED NY 2013] [same].)
The parties are directed to meet and confer to (1) reach an agreement on the language to be included in the notice; and (2) ensure that a means to electronically notify the class, such as by email, is feasible. The parties shall report to the court dur *602 ing a telephone conference, scheduled below. Accordingly, it is ordered that the motion by defendants National Securities Corporation and Mark Goldwasser to dismiss the complaint is granted, without opposition; and it is further ordered that plaintiff’s motion to compel notice to the class is granted, but the court reserves judgment on the manner and substance of such notice; and it is further ordered that a telephone conference will be held on May 18, 2015 at 4:30 p.m., at which time the parties shall report the outcome of the meet and confer directed herein; and it is further ordered that the Clerk will not be directed to enter judgment and this action will not be marked disposed until after the class notice is issued.

. Avena likens a class representative and his counsel to a fiduciary and speaks in terms of a fiduciary’s obligation of undivided loyalty to the party he represents. (Id. at 153-155.) Avena notes that approval and notice both are required under CPLR 908, but sub silentio approves the settlement, not enjoining plaintiff from settling the case and compelling him to continue the litigation. However, the Court did require notice because “it is a basic duty of a fiduciary to disclose all relevant facts to his beneficiaries.” (Id. at 153.)

. As Judge Castel explained:
“Counsel is wrong to the extent he is of the view that [plaintiff’s] acceptance of an offer, prior to class certification, is a betrayal of the class or comparable to ‘a politician . . . sell[ing] out his constituents by taking a bribe.’ Prior to the 2003 amendments to the Federal Rules of Civil Procedure, settlement of the claims of the putative class representative of an uncertified class required Court approval. The 2003 amendments to Rule 23 eliminated that requirement.” (Kulig, 2014 WL 5017817, *5, 2014 US Dist LEXIS 137254, *12-13 [citation omitted].)