[860 NE2d 705, 827 NYS2d 88]

In the Matter of DAIMLERCHRYSLER CORPORATION et al., Appellants, v ELIOT SPITZER, as Attorney General of the State of New York, et al., Respondents.

In the Matter of the Arbitration between GENERAL MOTORS CORPORATION, Appellant, and JAMES WARNER, Respondent.

Argued November 14, 2006; decided December 14, 2006

654

**POINTS OF COUNSEL**

*Rose Law Firm, PLLC,* Albany (*Paul A. Feigenbaum, Keith B. Rose* and *Justin E. Proper* of counsel), for appellants in the first above-entitled proceeding. I. The Legislature's inclusion of the phrase "continues to exist" in the present tense evidences a clear intent that the condition continue to exist at the time of the arbitration hearing or trial to recover under the repair attempt provision, regardless of whether more than four attempts to repair occurred. (*Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577; *Tompkins v Hunter,* 149 NY 117; *People ex rel. Harris v Sullivan,* 74 NY2d 305; *Blanco v American Tel. & Tel. Co.,* 90 NY2d 757; *Enright v Eli Lilly & Co.,* 77 NY2d 377; *People v Heine,* 9 NY2d 925; *Bright Homes v Wright,* 8 NY2d 157; *Matter of Schmidt v Roberts,* 74 NY2d 513; *People v Finnegan,* 85 NY2d 53; *United States v Wilson,* 503 US 329.) II. The construction of the statute by the Appellate Division violates additional rules of statutory construction by ignoring the phrase "or more." (*Matter of SIN, Inc. v Department of Fin. of City of N.Y.,* 71 NY2d 616; *Matter of Tonis v Board of Regents of Univ. of State of N.Y.,* 295 NY 286; *People v Gallina,* 66 NY2d 52; *Matter of Van Patten v La Porta,* 148 AD2d 858.) III. The different treatment of the repair provision and the days out of service provision confirms the error below. (*Heard v Cuomo,* 80 NY2d 684; *Matter of Long v Adirondack Park Agency,* 76 NY2d

416; *People v Schulz,* 67 NY2d 144; *Matter of Albano v Kirby,* 36 NY2d 526; *Waddell v Elmendorf,* 10 NY 170; *Matter of Friss v City of Hudson Police Dept.,* 187 AD2d 94; *Kurlander v Incorporated Vil. of Hempstead,* 31 Misc 2d 121.) IV. The statute's legislative history does not support the Appellate Division's construction of the "repair attempt" provision. (*Sega v State of New York,* 60 NY2d 183; *People v Tychanski,* 78 NY2d 909; *Blanco v American Tel. & Tel. Co.,* 90 NY2d 757.)

*Eliot Spitzer, Attorney General,* New York City (*Thomas G. Conway, Caitlin J. Halligan, Michelle Aronowitz, Jane M. Azia, Matthew J. Barbaro, Stephen Mindell* and *Herbert Israel* of counsel), respondent pro se in the first above-entitled proceeding. Proof of an existing defect at the time of arbitration or trial is not a prerequisite to consumer recovery under the Lemon Law. (*Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577; *Rosner v Metropolitan Prop. & Liab. Ins. Co.,* 96 NY2d 475; *Matter of White v County of Cortland,* 97 NY2d 336; *Jensen v General Elec. Co.,* 82 NY2d 77; *Motor Veh. Mfrs. Assn. of U.S. v State of New York,* 75 NY2d 175; *Matter of Hynson [American Motors Sales Corp.—Chrysler Corp.],* 164 AD2d 41; *Levine v American Motors Corp.,* 134 Misc 2d 1088; *Matter of Bay Ridge Toyota v Lyons,* 272 AD2d 397; *Kucher v DaimlerChrysler Corp.,* 9 Misc 3d 45; *Barnhart v Thomas,* 540 US 20.)

*Hiscock & Barclay, LLP,* Albany (*Mark W. Blanchfield* of counsel), for New York State Dispute Resolution Association, respondent in the first above-entitled proceeding. The New York State Dispute Resolution Association was entitled to abide the Attorney General's construction of the statute. (*Matter of Salvati v Eimicke,* 72 NY2d 784.)

*Rose Law Firm, PLLC,* Albany (*Paul A. Feigenbaum, Keith B. Rose* and *Justin E. Proper* of counsel), for appellant in the second above-entitled proceeding. I. The Legislature's inclusion of the phrase "continues to exist" in the present tense evidences a clear intent that the condition continue to exist at the time of the arbitration hearing or trial to recover under the repair attempt provision, regardless of whether more than four attempts to repair occurred. (*Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577; *Tompkins v Hunter,* 149 NY 117; *People ex rel. Harris v Sullivan,* 74 NY2d 305; *Blanco v American Tel. & Tel. Co.,* 90 NY2d 757; *Enright v Eli Lilly & Co.,* 77 NY2d 377; *People v Heine,* 9 NY2d 925; *Bright Homes v Wright,* 8 NY2d 157; *Matter of Schmidt v Roberts,* 74 NY2d 513; *People*

*v Finnegan,* 85 NY2d 53; *United States v Wilson,* 503 US 329.) II. The construction of the statute by the Appellate Division violates additional rules of statutory construction by ignoring the phrase "or more." (*Matter of SIN, Inc. v Department of Fin. of City of N.Y.,* 71 NY2d 616; *Matter of Tonis v Board of Regents of Univ. of State of N.Y.,* 295 NY 286; *People v Gallina,* 66 NY2d 52; *Colbert v International Sec. Bur.,* 79 AD2d 448; *Matter of Gerald R.M.,* 12 AD3d 1192; *Matter of Van Patten v La Porta,* 148 AD2d 858.) III. The different treatment of the repair provision and the days-out-of-service provision confirms the error below. (*Heard v Cuomo,* 80 NY2d 684; *Matter of Long v Adirondack Park Agency,* 76 NY2d 416; *People v Schulz,* 67 NY2d 144; *Matter of Albano v Kirby,* 36 NY2d 526; *Waddell v Elmendorf,* 10 NY 170; *Matter of Friss v City of Hudson Police Dept.,* 187 AD2d 94; *Kurlander v Incorporated Vil. of Hempstead,* 31 Misc 2d 121.) IV. The statute's legislative history does not support the Appellate Division's construction of the "repair attempt" provision. (*Sega v State of New York,* 60 NY2d 183; *People v Tychanski,* 78 NY2d 909; *Matter of Bay Ridge Toyota v Lyons,* 272 AD2d 397; *Blanco v American Tel. & Tel. Co.,* 90 NY2d 757.)

*Sadis & Goldberg, LLC,* New York City (*Douglas R. Hirsch, Francis Bigelow, David Kasell* and *Jarret Kahn* of counsel), for respondent in the second above-entitled proceeding. I. As demonstrated by the rules of statutory construction, liability under the Lemon Law is not contingent upon the condition of the vehicle at the time of hearing or trial. (*Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577; *Matter of Mills v Staffking [Hidden Val.],* 271 AD2d 146; *Kucher v DaimlerChrysler Corp.,* 9 Misc 3d 45; *Barclay Knitwear Co. v King'swear Enters.,* 141 AD2d 241; *Matter of DaimlerChrysler Corp. v Spitzer,* 6 Misc 3d 228, 26 AD3d 88; *Matter of White v County of Cortland,* 97 NY2d 336; *Motor Veh. Mfrs. Assn. of U.S. v State of New York,* 75 NY2d 175.) II. The Appellate Division correctly interpreted the words "or more" as ensuring that consumers who exceed the minimum number of repair attempts are entitled to the presumption. (*Matter of DaimlerChrysler Corp. v Spitzer,* 26 AD3d 88; *Hadden v Consolidated Edison Co. of N.Y.,* 45 NY2d 466.) III. The repair-attempt provision and the days-out-of-service provision use different language because they address two different repair scenarios. (*Matter of DaimlerChrysler Corp. v Spitzer,* 6 Misc 3d 228; *Kurlander v Incorporated Vil. of Hempstead,* 31 Misc 2d 121; *McKuskie v Hendrickson,* 128 NY 555.) IV. The Lemon Law's use of the present tense verb

"continues" does not compel the conclusion that the defect must exist at the time of trial. (*Fortune v Scott Ford,* 175 AD2d 303; *Jandreau v La Vigne,* 170 AD2d 861; *Jason v Summerfield,* 214 F2d 273; *Matter of Cario v Sobol,* 157 AD2d 172; *Ohio Val. Envtl. Coalition v Horinko,* 279 F Supp 2d 732.) V. Decisions from other courts demonstrate that the Appellate Division's interpretation of the Lemon Law is correct.

## OPINION OF THE COURT

GRAFFEO, J.

The purchaser of a new motor vehicle is entitled to a "repair presumption" and therefore can seek relief under the New Car Lemon Law when the consumer can demonstrate that the vehicle has been subject to repair four or more times within a prescribed time period and the same substantial defect continues to exist. The common issue in these two appeals is whether a consumer, who claims the benefit of the presumption, must also establish that the vehicle remains defective at the time of trial or arbitration. We conclude that the statute does not require such a showing and therefore affirm the orders of the Appellate Division so holding.

## New Car Lemon Law

In 1983, the Legislature enacted the New Car Lemon Law (General Business Law § 198-a) "to provide New York consumers greater protection than that afforded by automobile manufacturers' express limited warranties or the Federal Magnuson-Moss Warranty Act" (*Motor Veh. Mfrs. Assn. of U.S. v State of New York,* 75 NY2d 175, 179 [1990]). The statute obligates manufacturers to repair, without charge, any new motor vehicle which fails to conform to all express warranties during the first 18,000 miles of operation or for two years immediately following delivery of the vehicle, whichever comes first (*see* General Business Law § 198-a [b] [1]). If, within this time frame, a manufacturer is unable to correct a defect that "substantially impairs" the value of the vehicle "after a reasonable number of attempts," the manufacturer—at the consumer's option—must either replace the vehicle or accept the return of the vehicle in exchange for a refund of the purchase price (General Business Law § 198-a [c] [1]).

Under the statute, a presumption that the consumer has met the "reasonable number of attempts" requirement arises in two circumstances: if the same defect has been subject to repair

"four or more times" but "continues to exist"—commonly termed the "repair presumption" (General Business Law § 198-a [d] [1]); or if the vehicle has been out of service for a total of 30 or more days—referred to as the "days-out-of-service presumption" (General Business Law § 198-a [d] [2]). The triggering of either presumption does not ensure that a consumer will recover. A manufacturer may attempt to rebut the presumption and is afforded an affirmative defense when it can show either that the defect "does not substantially impair" the vehicle's value or the condition resulted from "abuse, neglect or unauthorized modifications or alterations of the motor vehicle" (General Business Law § 198-a [c] [3] [i], [ii]).

As originally enacted, the New Car Lemon Law required consumers to commence a legal action to obtain relief from manufacturers (*see* General Business Law § 198-a [j]). In 1986, the Legislature amended the statute to give consumers the option of resolving disputes by arbitration and directed the Attorney General to establish and supervise the arbitration hearing process (*see* General Business Law § 198-a [k]). In addition to promulgating regulations that govern the relevant procedures (*see* 13 NYCRR part 300), the Attorney General created a written consumer's guide to Lemon Law procedures and standard forms for use in arbitration. Beginning in 1987, the consumer's guide and forms stated that a consumer would be eligible for a refund or replacement vehicle only when the purchaser could demonstrate that a defect still existed as of the date of arbitration. But in 2002, in response to *Matter of Bay Ridge Toyota v Lyons* (272 AD2d 397 [2d Dept 2000]),[1] the Attorney General reconsidered his interpretation of General Business Law § 198-a (d), and concluded that the presence of a defect at the time of arbitration or trial was not a prerequisite for recovery. In accordance with this view, the Attorney General amended the consumer guide and forms, effective in 2003, to explain that a consumer may be entitled to relief if, within the first 18,000 miles or two years, the vehicle was subject to four or more unsuccessful repair attempts or out of service for 30 days, notwithstanding that the condition was subsequently repaired.

---

**1.** In *Lyons*, the Second Department held that, under an analogous provision of the Used Car Lemon Law (General Business Law § 198-b [c] [2] [b]), once a car had been out of service for 15 days, a presumption arose that the manufacturer was afforded a reasonable number of attempts to repair the defect, regardless of "whether the car was presently operable" (272 AD2d at 397).

### Matter of DaimlerChrysler Corporation v Spitzer

Petitioners DaimlerChrysler Corporation, General Motors Corporation and Saturn Corporation (collectively, the manufacturers) object to the Attorney General's new interpretation of the statute to the extent that it permits consumers relying on the repair presumption to seek relief when their vehicles have been fixed after more than four attempts. The manufacturers commenced CPLR article 75 proceedings to vacate a series of arbitration awards in which the arbitrators had applied the Attorney General's new construction of the repair presumption in granting relief to consumers.[2] The courts vacated the awards, determining that a consumer relying on the repair presumption must demonstrate that the defect "continues to exist" at the time of the arbitration hearing.[3]

Relying on these decisions, the manufacturers brought this CPLR article 78 proceeding to enjoin the Attorney General and respondent New York State Dispute Resolution Association from using the new interpretation of General Business Law § 198-a (d) (1) in the Lemon Law arbitration system.[4] Supreme Court denied the petition and dismissed this proceeding. The Appellate Division affirmed. We granted the manufacturers leave to appeal.

### Matter of General Motors Corporation (Warner)

In March 2003, respondent James Warner bought a new truck from a dealership known as LaQua's 481. The vehicle was manufactured by petitioner General Motors Corporation. Shortly after acquiring the truck, Warner discovered a transmission problem, which LaQua attempted to fix on five occasions between April and November 2003. In December 2003, Warner filed a request for arbitration under the New Car Lemon Law. After a hearing, the arbitrator found that there had been four or more attempts to repair the same defect and that the problem persisted following the fourth attempt. The arbitrator awarded Warner a refund of approximately $30,000.

---

2. The Attorney General was not a party to any of these proceedings.

3. In some of these proceedings, the courts granted the petitions in their entirety, finding that the vehicles had in fact been repaired before the hearing date. In others, the courts granted the petitions to the extent of remitting the matter for a new arbitration hearing to determine whether the defect had been repaired.

4. The New York State Dispute Resolution Association administers the Lemon Law arbitration program under the Attorney General's supervision.

General Motors brought this article 75 proceeding to vacate the award, arguing that Warner could not prevail unless he demonstrated that LaQua's final repair attempt proved unsuccessful such that the vehicle remained defective at the time of the commencement of the arbitration hearing. Supreme Court granted the petition to the extent it sought a new hearing to determine whether the problem had in fact been remedied prior to the hearing. The Appellate Division reversed and reinstated the arbitration award. We granted General Motors leave to appeal.

## Analysis

In these cases, the manufacturers contend that a plain reading of the repair presumption in General Business Law § 198-a (d) (1) requires a consumer to establish that the defect continues to exist at the time of trial or arbitration. They submit that the Legislature must have intended such a result based on the placement of the phrase "continues to exist" in the statute. Under their reading of the provision, a consumer may seek Lemon Law relief after four unsuccessful repair attempts but, if a consumer voluntarily decides to give the manufacturer additional repair opportunities that prove successful in eliminating the problem, the consumer is precluded from recovery. We disagree.

When presented with a question of statutory interpretation, our primary consideration "is to ascertain and give effect to the intention of the Legislature" (*Riley v County of Broome*, 95 NY2d 455, 463 [2000] [internal quotation marks and citation omitted]). The statutory text is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning (*see Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]; *Matter of State of New York v Ford Motor Co.*, 74 NY2d 495, 500 [1989]). At the same time, because the New Car Lemon Law is remedial in nature, it should be liberally construed in favor of consumers (*see Matter of White v County of Cortland*, 97 NY2d 336, 339 [2002]). And where, as here, "the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency"—in this case, the Attorney General's office (*Matter of Gruber [New York City Dept. of Personnel—Sweeney]*, 89 NY2d 225, 231 [1996] [internal quotation marks and citation omitted]).

The substantive remedy provision of the New Car Lemon Law states, in relevant part:

> "If, within [the first 18,000 miles or two years], the manufacturer or its agents or authorized dealers are unable to repair or correct any defect or condition which substantially impairs the value of the motor vehicle to the consumer *after a reasonable number of attempts*, the manufacturer, at the option of the consumer, shall replace the motor vehicle with a comparable motor vehicle, or accept return of the vehicle from the consumer and refund to the consumer the full purchase price" (General Business Law § 198-a [c] [1] [emphasis added]).

Under this statute, a consumer's eligibility for recovery hinges on whether the manufacturer was unable to repair the vehicle after a reasonable number of attempts. Nothing in this section indicates that the vehicle's condition on the date of trial or arbitration has any relevance.

The New Car Lemon Law gives tangible meaning to the phrase "reasonable number of attempts" through the repair and days-out-of-service presumptions. Specifically, General Business Law § 198-a (d) provides:

> "It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to the applicable express warranties, if:

> "(1) the same nonconformity, defect or condition has been subject to repair *four or more times* by the manufacturer or its agents or authorized dealers . . . but such nonconformity, defect or condition *continues to exist*; or

> "(2) the vehicle is out of service by reason of repair of one or more nonconformities, defects or conditions for a cumulative total of thirty or more calendar days" (emphasis added).

Construing these two presumptions together with the substantive remedy provision (*see Matter of Charter Dev. Co., L.L.C. v City of Buffalo*, 6 NY3d 578, 581 [2006]), it is obvious that subdivision (d) simply quantifies the minimum that presumptively amounts to a reasonable number of repair attempts. Although the manufacturers concede that a consumer whose vehicle has been out of service for 30 or more days gains the

presumption regardless of whether the vehicle is fixed after the 30-day mark (see General Business Law § 198-a [d] [2]), they argue that a consumer relying on the repair presumption (General Business Law § 198-a [d] [1]) must show that the defective condition continues at the time of trial or arbitration.

We do not read the repair presumption as requiring a consumer to establish that the vehicle defect continued to exist until the trial or hearing date. Rather, the plain language of the provision obligates a consumer to demonstrate that the vehicle was subject to repair at least four times and that the same defective condition remained unresolved after the fourth attempt. Therefore, once a consumer has met the four-repair threshold, the presumption arises regardless of whether the manufacturer later remedies the problem. After four attempts, it is presumed that the manufacturer has been given a reasonable number of opportunities to fix the vehicle. The determination of whether a reasonable number of attempts took place for a consumer to recover does not turn on whether the car was ultimately repaired. If the Legislature intended to condition recovery on such a requirement, it easily could have said so.[5]

Contrary to the manufacturers' argument, our interpretation gives meaning to all of the statutory language in the context of the statute as a whole. The requirement that the defect "continues to exist" is simply another way of saying that the fourth repair attempt was unsuccessful. Without that language, a consumer could meet the presumption even if the defect was repaired on the fourth visit. The phrase "or more" clarifies that consumers may opt to bring their vehicles for repair more than four times yet still retain eligibility for Lemon Law relief. The Legislature likely included the phrase "or more" in the days-out-of-service presumption for the same reason. In short, it is clear that the Legislature intended to create two bright-line presumptions by which a consumer can demonstrate that the manufacturer was accorded a reasonable number of attempts to alleviate the problem; neither presumption is dependent upon a showing that the defect was not repaired at the time of trial or arbitration.

This interpretation is also consistent with the remedial nature of the New Car Lemon Law. The statutory construction posited

---

5. Had the Legislature desired to immunize manufacturers from Lemon Law liability when they repaired a vehicle, it likely would have included such language in either the substantive remedy provision (General Business Law § 198-a [c] [1]) or as an affirmative defense (see General Business Law § 198-a [c] [3]).

by the manufacturers would restrict its salutary objectives by effectively requiring a consumer to leave the new vehicle in an inoperable or malfunctioning state in order to preserve the right to seek Lemon Law relief. As the Appellate Division aptly observed:

> "[T]he average consumer, who is typically obligated to make monthly car payments and rely on the car for employment, should not be forced to continue to drive a defective new vehicle until the date of adjudication simply to preserve his or her rights under the New Car Lemon Law. Nor does the average consumer have the luxury of simply casting a new, albeit defective, vehicle aside while awaiting disposition of a New Car Lemon Law action or proceeding" (26 AD3d 88, 92 [2005]).

Finally, the result we reach today is buttressed by the legislative history of the New Car Lemon Law, which indicates that a consumer's eligibility for relief under the statute arises upon a fourth unsuccessful repair attempt. The sponsors' memorandum in support of the legislation states:

> "Presently, the Magnuson-Moss Act has a so-called 'lemon provision' which entitles the consumers to repair [or] replacement of a defective product. Unfortunately, the Magnuson-Moss Act fails to define a reasonable number of attempts to remedy defects. This bill contains clearly expressed guidelines in determining when a 'reasonable number' of repair attempts has been surpassed" (Sponsors' Mem, Bill Jacket, L 1983, ch 444).

It further explains that the New Car Lemon Law would require "the manufacturer to replace the automobile or refund to the consumer the full purchase [price] after four attempts have been made to repair the car or after the car has been out of service for a total of 30 or more days" (*id.*). In contrast, nothing in the legislative history indicates an intention to require consumers to leave their vehicles in disrepair pending arbitration or trial.

Accordingly, in each case the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, READ, SMITH and PIGOTT concur.

In each case: Order affirmed, with costs.