■ In the Matter of STAR BOXING, INC., Respondent, v DAIMLERCHRYSLER MOTORS CORPORATION, Appellant. [840 NYS2d 357]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated October 30, 2003, issued pursuant to General Business Law § 198-a, Daimlerchrysler Motors Corporation appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered March 31, 2005, which granted the petition and denied the cross petition to vacate the award.

Ordered that the order is reversed, on the law, with costs, the petition is denied, the cross petition is granted, the arbitration award is vacated, and the parties are directed to proceed to arbitration before a different arbitrator.

The instant proceeding involves an award which was rendered after the petitioner selected the "alternative arbitration mechanism established pursuant to regulations promulgated" pursuant to General Business Law § 198-a (k). Once the petitioner selected alternative arbitration, the appellant manufacturer was required to "submit to such alternative arbitration" (General Business Law § 198-a [k]). Since arbitration was imposed upon the appellant, the appellant is entitled to the "expanded judicial review available in compulsory arbitration" (*Motor Veh. Mfrs. Assn. of U.S. v State of New York*, 75 NY2d 175, 187 [1990]). In order to be upheld, an arbitration award must have evidentiary support and cannot be arbitrary and capricious (*see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]).

In the instant case, the arbitrator's award must be set aside as arbitrary and capricious on the ground that the arbitrator violated the regulations promulgated pursuant to General Business Law § 198-k, to wit, 13 NYCRR 300.12. Subdivision (f) of 13 NYCRR 300.12 grants the arbitrator the discretion to inspect or ride in the consumer's vehicle during the hearing. Once the hearing is closed, the arbitrator may request additional evidence, but "[a]ll such evidence shall be submitted to the administrator for transmission to the arbitrator and the parties" (13 NYCRR 300.12 [i]). Accordingly, once the hearing is closed, the parties are precluded from communicating directly with the arbitrator.

The petitioner acknowledged that it received notice to bring the vehicle to the arbitration hearing so that the arbitrator could inspect it pursuant to 13 NYCRR 300.12 (f). The petitioner failed to comply, to the apparent dismay of the arbitrator, who asked, "You didn't bring the car?" The appellant requested that

an adverse inference be drawn against the petitioner for failure to provide an opportunity for inspection.

After the hearing was officially closed, the arbitrator demanded an inspection of the vehicle. The appellant objected to the inspection on the ground that "an inspection of the vehicle after the hearing has already been closed is improper," and was informed by the arbitration administrator that the inspection was unauthorized. Nevertheless, the arbitrator conducted the inspection in the presence of a representative of the petitioner, who stated that "the control Panel goes off intermittently and one internal light malfunctions." The arbitrator referred to the results of the inspection and the ex parte statement of the petitioner's representative in her summary of the evidence.

The inspection and the direct ex parte communication between the petitioner's representative and the arbitrator were clear violations of 13 NYCRR 300.12 (i) and constituted misconduct (*see* CPLR 7511 [b] [1] [i]; *Matter of Goldfinger v Lisker*, 68 NY2d 225 [1986]). The results of that inspection and the ex parte communication were considered by the arbitrator in rendering the award. Accordingly, the arbitration award should have been vacated, and the matter submitted to a different arbitrator for a new determination.

In light of our determination, we need not consider the appellant's remaining contentions. Rivera, J.P., Goldstein, Dillon and Carni, JJ., concur.