■ In the Matter of JAVAD E. DJAFARI, Respondent, v BMW OF NORTH AMERICA, LLC, Appellant. [989 NYS2d 372]—

In a proceeding pursuant to CPLR article 75 to vacate a determination of an arbitrator made pursuant to General Business Law § 198-a (b) (1), dated October 5, 2011, BMW of North America, LLC, appeals from an order of the Supreme Court, Nassau County (Woodard, J.), entered August 14, 2013, which granted the petition, vacated the determination, and referred the matter to the New York State Dispute Resolution Association for a new hearing on all issues in the matter.

Ordered that the order is reversed, on the law, with costs, the petition is denied, the arbitration determination is reinstated and confirmed, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment.

The petitioner commenced this proceeding to vacate a determination of an arbitrator that he did not qualify for a refund or a replacement vehicle pursuant to the New Car Lemon Law Act (*see* General Business Law § 198-a; *Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653, 657 [2006]). "Under CPLR 7511, an [arbitration] award may be vacated only if (1) the rights of a party were prejudiced by corruption, fraud or misconduct in procuring the award, or by the partiality of the arbitrator; (2) the arbitrator exceeded his or her power or failed to make a final and definite award; or (3) the arbitration suffered from an unwaived procedural defect" (*Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146, 154-155 [1995]; *see* CPLR 7511 [b] [1]). "Where, as here, parties are subject to compulsory arbitration, the award must satisfy an additional layer of judicial scrutiny—it must have evidentiary support and cannot be arbitrary and capricious" (*City School Dist. of the City of N.Y. v McGraham*, 17 NY3d 917, 919 [2011] [internal quotation marks omitted]; *see Matter of Star Boxing, Inc. v Daimlerchrysler Motors Corp.*, 40 AD3d 1106, 1107 [2007]; *Matter of Shand [Aetna Ins. Co.]*, 74 AD2d 442, 443-446 [1980]). Insofar as relevant here, contrary to the petitioner's contentions, he failed to establish that the appellant committed fraud in the procurement of the arbitration determination, or that the determination lacked evidentiary support or was arbitrary and capricious. Accordingly, the Supreme Court should have denied the petition and

confirmed the determination. Mastro, J.P., Chambers, Lott and Roman, JJ., concur.