■ In the Matter of BMW OF NORTH AMERICA, LLC, Appellant, v ASHLEY BURGOS, Respondent. [40 NYS3d 443]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated March 18, 2015, issued pursuant to General Business Law § 198-a, the petitioner appeals from an order of the Supreme Court, Nassau County (Palmieri, J.), entered June 16, 2015, which denied the petition and confirmed the award.

Ordered that the order is affirmed, with costs.

The respondent requested arbitration pursuant to the New Car Lemon Law Act (*see* General Business Law § 198-a) (hereinafter the Lemon Law) in connection with her BMW motorcycle (hereinafter the vehicle), which she purchased from

Gold Coast Motorsports (hereinafter Gold Coast), an authorized BMW dealer and warranty service facility. After a hearing, the arbitrator found, inter alia, that the vehicle was out of service due to repairs for 30 or more days within 18,000 miles, and awarded the respondent a full refund. BMW of North America, LLC (hereinafter BMW), commenced this proceeding pursuant to CPLR article 75 to vacate the arbitration award. The Supreme Court denied the petition and confirmed the arbitration award. BMW appeals.

"Under CPLR 7511, an [arbitration] award may be vacated only if (1) the rights of a party were prejudiced by corruption, fraud or misconduct in procuring the award, or by the partiality of the arbitrator; (2) the arbitrator exceeded his or her power or failed to make a final and definite award; or (3) the arbitration suffered from an unwaived procedural defect" (*Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146, 154-155 [1995]; *see* CPLR 7511 [b] [1]). Where, as here, parties are subject to compulsory arbitration, the award must satisfy an additional layer of judicial scrutiny—it must have evidentiary support and cannot be arbitrary and capricious (*see City School Dist. of the City of N.Y. v McGraham*, 17 NY3d 917, 919 [2011]; *Matter of Djafari v BMW of N. Am., LLC*, 119 AD3d 860 [2014]).

Insofar as relevant here, BMW failed to establish that the arbitration award lacked evidentiary support or was arbitrary and capricious. Contrary to BMW's contention, the respondent properly returned the vehicle to Gold Coast, the BMW authorized dealership which sold the vehicle to the respondent, in accordance with General Business Law § 198-a (c) (1).

BMW's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the petition and confirmed the arbitration award.

We decline the respondent's request to impose sanctions against BMW in connection with this appeal (*see* 22 NYCRR 130-1.1). Eng, P.J., Balkin, Hall and Barros, JJ., concur.