■ In the Matter of BMW OF NORTH AMERICA, LLC, Appellant, v HOWARD RIINA et al., Respondents. [50 NYS3d 372]—

Order and judgment (one paper), Supreme Court, New York County (Debra A. James, J.), entered May 14, 2015, which, inter alia, denied BMW's motions to vacate an arbitration award, dated February 19, 2014, and for a preliminary injunction to stay its compliance with the arbitration award, confirmed the arbitration award, and awarded judgment in favor of respondents in the total amount of $96,724.24, unanimously reversed, on the law, without costs, and the petition granted.

Respondents' complaint—that the new car they purchased from BMW was inappropriately outfitted with "runflat" tires and 19" wheel rims that regularly developed "bubbles" in the sidewalls of the tires due to the rough road conditions in Westchester County and New York City, thereby compromising the car's safety and handling—failed to state a claim under the Lemon Law (General Business Law § 198-a). Respondents failed to present any evidence to show a defect in materials or workmanship that was covered by the car manufacturer's express warranties (see generally General Business Law § 198-a [b] [1]; Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653 [2006]; Motor Veh. Mfrs. Assn. of U.S. v State of New York, 75 NY2d 175 [1990]).

Tires were expressly excluded from BMW's warranties. No evidence was offered to show that the tires and wheel rims used on the vehicle were incompatible with the car and its operation. There was no basis to find that the value of the car was substantially impaired by the use of the alleged inappropriate tires and wheel rims (see generally General Business Law § 198-a [c] [1]; Spitzer, 7 NY3d 653). Accordingly, we find that the arbitration award lacks a rational basis, and is unsupported by adequate evidence in the record (see generally Motor Veh. Mfrs. Assn., 75 NY2d 175). Concur—Friedman, J.P., Sweeny, Moskowitz, Gische and Kapnick, JJ.