Matter of Dorney v Jayco, Inc. (2018 NY Slip Op 01464)





Matter of Dorney v Jayco, Inc.


2018 NY Slip Op 01464


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2016-11829
2016-12840
 (Index No. 51770/16)

[*1]In the Matter of Dorothy A. Dorney, respondent,
v
Jayco, Inc., appellant.


Mintzer Sarowitz Zeris Ledva & Meyers, LLP, Hicksville, NY (Bradley J. Levien of counsel), for appellant.
Wallace & Wallce, LLP, Poughkeepsie, NY (Craig M. Wallace of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated January 13, 2016, issued pursuant to General Business Law § 198-a, Jayco, Inc., appeals from (1) an order of the Supreme Court, Dutchess County (Rosa, J.), dated October 13, 2016, which, inter alia, granted the petition, and (2) a judgment of the same court entered November 14, 2016, which, upon the order, is in favor of the petitioner and against it in the total sum of $74,260.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The petitioner requested arbitration pursuant to the New Car Lemon Law (see General Business Law § 198-a; hereinafter the Lemon Law) based upon her claims, inter alia, that a motor home that she purchased which had been manufactured by the appellant had major mechanical problems. At the hearing before the arbitrator, the petitioner presented evidence that the motor home was out of service for more than 30 days, and that the petitioner contacted, among others, the appellant and attempted multiple times to have the vehicle repaired. The arbitrator found that the vehicle was primarily used for personal, family, or household purposes, and that the vehicle's mechanical problem substantially impaired the value of the vehicle to the petitioner, and was not the result of the petitioner's abuse, neglect, or unauthorized modification or alteration of the vehicle (see General Business Law § 198-a[n][4]). In addition, the arbitrator found that the appellant "failed to inform the consumer of the special notification requirements" of the Lemon Law (see General Business Law § 198-a[n][8][B]). The arbitrator awarded the petitioner a full refund. When the [*2]appellant failed to pay the arbitration award, the petitioner commenced this proceeding pursuant to CPLR article 75 against the appellant to confirm the arbitration award. The appellant opposed the petition, and moved to vacate the arbitration award. The Supreme Court, inter alia, granted the petition, and awarded judgment to the petitioner.
"Under CPLR 7511, an [arbitration] award may be vacated only if (1) the rights of a party were prejudiced by corruption, fraud or misconduct in procuring the award, or by the partiality of the arbitrator; (2) the arbitrator exceeded his or her power or failed to make a final and definite award; or (3) the arbitration suffered from an unwaived procedural defect" (Hackett v Milbank, Tweed, Hadley & McCloy, 86 NY2d 146, 154-155; see CPLR 7511[b][1]; Matter of BMW of N. Am., LLC v Burgos, 143 AD3d 980, 981). "Where, as here, parties are subject to compulsory arbitration, the award must satisfy an additional layer of judicial scrutiny—it must have evidentiary support and cannot be arbitrary and capricious" (Matter of BMW of N. Am., LLC, 143 AD3d at 981 [internal quotation marks omitted]; see Matter of Djafari v BMW of N. Am., LLC, 119 AD3d 860, 860).
Contrary to the appellant's contention, the arbitration award was not based solely upon the arbitrator's finding that the appellant failed to inform the petitioner of the special notification requirements. The appellant failed to establish that the arbitration award lacked evidentiary support, or that the arbitrator exceeded his authority in awarding the petitioner a refund pursuant to the Lemon Law (see General Business Law § 198-a[n][4]).
Accordingly, the Supreme Court properly granted the petition.
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court