Matter of BMW of N. Am., LLC v Leonidou (2020 NY Slip Op 02858)





Matter of BMW of N. Am., LLC v Leonidou


2020 NY Slip Op 02858


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Richter, J.P., Oing, Singh, Moulton, JJ.


11492 656215/18

[*1] In re BMW of North America, LLC, Petitioner-Appellant,
v
Ioannis Leonidou, Respondent-Respondent.


Biedermann Hoenig Semprevivo, P.C., New York (Philip C. Semprevivo of counsel), for appellant.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered January 31, 2019, which denied the petition of BMW of North America (BMW) to vacate an arbitration award dated October 30, 2018 in favor of respondent Leonidou in the amount of $62,716.31, and granted Leonidou's cross petition to confirm the arbitration award, unanimously reversed, on the law, without costs, the petition granted, the cross petition denied, the award vacated and the proceeding dismissed.
Respondent Leonidou filed for arbitration against BMW pursuant to New York's Lemon Law alleging that his recurrent complaints of noises emanating from his leased vehicle remained unresolved and that it substantially impaired the value of the vehicle to him. The arbitrator found in favor of Leonidou. BMW then petitioned to vacate the arbitration award. Supreme Court denied the petition. BMW appealed. We reverse.
In a compulsory arbitration proceeding, an arbitrator must abide by the statutory standards, or an award will be vacated for exceeding the legislative grant of authority (see Motor Veh. Mfrs. Assn. of U.S. v State of New York, 75 NY2d 175, 186 [1990] ["Inasmuch as compulsory arbitration is involved, judicial review under CPLR article 75 is broad, requiring that the award be in accord with due process and supported by adequate evidence in the record"]).
The Lemon Law applies to defects in car parts and workmanship that are expressly warrantied from defect by the manufacturer/dealer (see General Business Law § 198-a[b][1]). Under the statute, when a manufacturer is unable to correct a defect or condition that "substantially impairs" the value of the motor vehicle after a reasonable number of attempts, the manufacturer, at the option of the consumer, is required either to (1) replace the motor vehicle with a comparable motor vehicle or (2) accept return of the vehicle and refund the full purchase price to the consumer (General Business Law § 198-a[c][1]). It is undisputed that Leonidou was offered a replacement vehicle by BMW and the dealership in accordance with General Business Law § 198-a (c)(1). Leonidou exercised his option not to replace his vehicle.
Leonidou failed to present any evidence to show a defect in materials or workmanship that was covered by an express warranty (see Matter of BMW of N. Am., LLC v Riina, 149 AD3d 420 [1st Dept 2017]). Leonidou acknowledged that the noise issues did not affect the car's safety or operation. He admitted that other drivers he knew, driving the same vehicle type, experienced similar noises, and BMW's witnesses, who testified to their technical experience in repairing such vehicles, attested that the noises at issue were inherent in the SUV design due to its, inter alia, stiffer suspension for off-road conditions. There was no basis in this record to find that the noises otherwise substantially impaired the value of the vehicle to Leonidou (see generally General Business Law § 198-a[c][1]; Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 658 [2006]).
The arbitration award lacks a rational basis, as it is not supported by adequate evidence in the record (see Matter of BMW of N. Am., LLC v Riina, 149 AD3d at 420).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK