Matter of Cisnero v Independent Livery Driver Benefit Fund (2021 NY Slip Op 04070)





Matter of Cisnero v Independent Livery Driver Benefit Fund


2021 NY Slip Op 04070


Decided on June 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 24, 2021

531362
[*1]In the Matter of the Claim of Jeffrey Cisnero, Claimant,
v
Independent Livery Driver Benefit Fund et al., Appellants, and New York Black Car Operators' Injury Compensation Fund, Inc., Respondent, et al., Respondent. Workers' Compensation Board, Respondent.

Calendar Date:May 26, 2021

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Weiss Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for appellants.
Goldberg Segalla LLP, Syracuse (Cory A. DeCresenza of counsel), for New York Black Car Operators' Injury Compensation Fund, Inc., respondent.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed August 1, 2019, which ruled that claimant sustained accidental injuries arising out of and in the course of his employment.
On March 17, 2018, claimant was working as a for-hire livery driver when he was dispatched by Excellent Car & Limousine Services (hereinafter ECLS) to transport a passenger. When claimant reached the drop-off location, the passenger demanded that claimant give him money and shot claimant multiple times. Claimant survived the incident and filed a claim for workers' compensation benefits for injuries sustained therein.
ECLS, the livery base that dispatched claimant, is a member of the Independent Livery Driver Benefit Fund (hereinafter ILDBF), which is responsible for providing compensation to injured drivers who are independent livery drivers under Executive Law article 6-G (see Workers' Compensation Law § 18-c; Executive Law §§ 160-aaa - 160-iii). The vehicle that claimant was driving was owned and registered by Manuel Brache, and the vehicle was affiliated with NEUN-NY LLC, which is a member of the New York Black Car Operators' Injury Compensation Fund, Inc. (hereinafter NYBCOICF). NYBCOICF is responsible for providing compensation to injured drivers who are black car operators under Executive Law article 6-F (see Executive Law §§ 160-cc - 160-oo).
After claimant filed his claim, the ILDBF and its workers' compensation carrier (hereinafter collectively referred to as the carrier) maintained that there was no coverage through the ILDBF because the requirements of Executive Law § 160-ddd had not been satisfied. Following hearings on this issue, a Workers' Compensation Law Judge (hereinafter WCLJ) concluded that claimant was not performing a covered service under either the ILDBF or the NYBCOICF and disallowed the claim. Claimant sought review of this decision by the Workers' Compensation Board. A panel of the Board reversed the WCLJ's decision and found that, because claimant was on a dispatch call from an ILDBF affiliate, his injuries were covered by the ILDBF. Consequently, the Board ruled that claimant's injuries arose out of and in the course of his employment. The carrier appeals.[FN1]
The carrier contends, among other things, that the Board misinterpreted the statutory provisions governing the ILDBF in concluding that it was the party responsible for providing compensation for claimant's injuries. Preliminarily, we note that the ILDBF was established for the purpose of providing compensation to livery drivers who are injured while on dispatch from independent livery bases with which they do not have an employment relationship (see Martin Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law at 284-285 [2013 ed]; Executive Law § 160-aaa [5]; Workers' Compensation Law § 18-c [2] [a]; 12 NYCRR 309.1 [g], [h]; 309.3). It is to be distinguished from the NYBCOICF, which is a separate entity that provides [*2]compensation to black car operators who are injured while on dispatch from central dispatch facilities that are registered as its members (see Martin Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law at 284-285 [2013 ed]; Executive Law § 160-cc [1], [3]).
As is relevant here, Executive Law § 160-ddd (1) provides that monies deposited into the ILDBF shall be used to provide workers' compensation benefits for injuries sustained by independent livery drivers "arising out of and in the course of providing covered services . . . resulting from a crime against such livery driver as evidenced by a police report" (see 12 NYCRR 309.3 [3] [i]). The statute defines an "independent livery driver" as "a livery driver that is dispatched by an independent livery base" and defines "covered services" as "all dispatches from a livery base regardless of where the pick-up or discharge occurs" (Executive Law § 160-aaa [1], [3]; see 12 NYCRR 309.1 [c], [h]). Further, the statute defines "livery" as "a for-hire vehicle licensed by a local taxi and limousine commission, carrying no more than five passengers or such other limited number as set by a local taxi and limousine commission, which charges for service on the basis of flat rate, time, mileage or zones, and which is dispatched by a livery dispatch facility, but shall not include a vehicle owned or driven by a black car operator, as defined in [Executive Law article 6-F]" (Executive Law § 160-aaa [6] [emphasis added]; see 12 NYCRR 309.1 [i]).[FN2]
At the time of the incident, claimant was acting as an independent livery driver as he was dispatched by ECLS, which is a member of the ILDBF and is an independent livery base. Moreover, he was engaged in covered service as he had been dispatched by ECLS to transport a passenger. Furthermore, his injuries resulted from the commission of a crime as a police report was prepared detailing the circumstances of the shooting. Giving effect to the plain meaning of the unambiguous statutory language (see Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660 [2006]; Matter of Minichiello v New York City Dept. of Homeless Servs., 188 AD3d 1401, 1402 [2020]), we find that claimant's injuries clearly fell within the provisions of Executive Law § 160-ddd (1), thereby triggering the liability of the ILDBF.
The fact that claimant was driving a vehicle that was affiliated with the NYBCOICF in an attenuated manner does not compel a contrary conclusion under the circumstances presented. The record discloses that Brache was the owner and registrant of the vehicle and there is nothing to indicate that either he or claimant qualified as black car operators (see Executive Law § 160-cc [1]), such as to exclude the vehicle as a livery under the statute (see Executive Law § 160-aaa [6]; 12 NYCRR 309.1 [i]). The vehicle's affiliation with the NYBCOICF stems from the fact that its affiliated base is NEUN-NY, LLC and this entity is listed as [*3]active on the NYBCOICF member roster. Claimant, however, was not driving on behalf of NEUN-NY, LLC at the time of the incident, and NEUN-NY, LLC did not dispatch the call. Notably, the statute does not specifically mention a vehicle's affiliated base as the determinative factor in classifying it as a livery (see Executive Law § 160-aaa [6]). In view of the foregoing, we agree with the Board's interpretation of the statute and its finding that claimant's injuries are covered under Executive Law § 160-ddd. We have considered the carrier's remaining claims and find them to be unpersuasive. Therefore, we find no reason to disturb the Board's decision.
Egan Jr., J.P., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The Board subsequently denied the carrier's application for reconsideration and/or full Board review, but the carrier has not appealed from this decision.

Footnote 2: Under Executive Law article 6-F, a black car operator is "the registered owner of a for-hire vehicle, or a driver designated by such registered owner to operate the registered owner's for-hire vehicle as the registered owner's authorized designee, whose injury arose out of and in the course of providing covered services to a central dispatch facility that is a registered member of the [NYBCOICF]" (Executive Law § 160-cc [1]).