Matter of Bernal v New York Apple Car Serv. (2022 NY Slip Op 06033)

Matter of Bernal v New York Apple Car Serv.

2022 NY Slip Op 06033

Decided on October 27, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 27, 2022

532689
[*1]In the Matter of the Claim of Monica Patricia Hidalgo Bernal, Claimant,
v
New York Apple Car Service et al., Appellants, and New York Black Car Operators Injury Compensation Fund, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:September 8, 2022

Before:Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Jones Jones LLC, New York City (David Secemski of counsel), for appellants.
Weiss, Wexler & Wornow, PC, New York City (Heather Galfunt of counsel), for New York Black Car Operators Injury Compensation Fund, respondent.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.

Lynch, J.P.
Appeal from a decision of the Workers' Compensation Board, filed July 10, 2020, which ruled that the Independent Livery Driver Benefit Fund was liable for claimant's workers' compensation death claim.
On November 23, 2018, claimant's spouse (hereinafter decedent) was working as a cab driver when he was dispatched to an address in Brooklyn. While at that address, decedent was stabbed to death. Claimant filed a claim for workers' compensation death benefits, listing New York Apple Car Service (hereinafter NYACS) — the entity that allegedly dispatched decedent to the location — as the employer.
NYACS is a member of the Independent Livery Driver Benefit Fund (hereinafter ILDBF), which is charged with providing compensation to injured drivers who are independent livery drivers under Executive Law article 6-G (see Workers' Compensation Law § 18-c; Executive Law §§ 160-aaa—160-iii). The vehicle that decedent was driving was registered to an individual named A. Alava-Alvarado and the vehicle was affiliated with Endor Car & Driver LLC, which is a member of the New York Black Car Operator's Injury Compensation Fund, Inc. (hereinafter NYBCOICF). NYBCOICF is responsible for providing compensation to injured drivers who are black car operators under Executive Law article 6-F (see Executive Law §§ 160-cc—160-oo).
NYACS and its ILDBF workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim, contending that decedent was working as a black car operator at the time of his death and that the NYBCOICF was, therefore, responsible for the claim. Following a hearing, a Workers' Compensation Law Judge found that decedent was working as an independent livery driver and that the carrier was responsible for the claim. The Workers' Compensation Board affirmed and the carrier appeals.
We affirm. The ILDBF is charged with providing benefits under the Workers' Compensation Law for injuries or deaths suffered by independent livery drivers that arise out of the course of providing covered services resulting from, as relevant here, "a crime [committed] against such livery driver as evidenced by a police report" (Executive Law § 160-ddd; see 12 NYCRR 309.3 [a] [3] [i]). An "[i]ndependent livery driver" is "a livery driver that is dispatched by an independent livery base" and "[c]overed services" include "all dispatches from a livery base regardless of where the pick-up or discharge occurs" (Executive Law § 160-aaa [1], [3]; see 12 NYCRR 309.1 [c], [h]). The statute also defines "[l]ivery" as "a for-hire vehicle licensed by a local taxi and limousine commission, carrying no more than five passengers or such other limited number as set by a local taxi and limousine commission, which charges for service on the basis of flat rate, time, mileage or zones, and which is dispatched by a livery dispatch facility, but shall not include a vehicle owned or driven by a black car operator, as defined in [Executive Law article 6-F]" (Executive [*2]Law § 160-aaa [6] [emphasis added]; see 12 NYCRR 309.1 [i]). A black car operator is defined, in turn, as "the registered owner of a for-hire vehicle, or a driver designated by such registered owner to operate the registered owner's for-hire vehicle as the registered owner's authorized designee, whose injury arose out of and in the course of providing covered services to a central dispatch facility that is a registered member of the [NYBCOICF]" (Executive Law § 160-cc [1]).
Although there was a dispute below, the carrier does not challenge the Board's finding that decedent was dispatched by NYACS — and the hearing testimony confirmed that NYACS is a "livery, licensed under [the] New York City Taxi and Limousine Commission." There is also no dispute that decedent was engaged in a covered service at the time of the incident insofar as he was dispatched to transport a passenger. Instead, the carrier contends that the Board misinterpreted the statutory provisions regarding the ILDBF in finding that decedent was an independent livery driver, because the vehicle he was driving was affiliated with the NYBCOICF.
However, this Court rejected that identical argument in Matter of Cisnero v Independent Livery Driver Benefit Fund (195 AD3d 1344 [3d Dept 2021], lv dismissed 38 NY3d 994 [2022]), noting that the ILDBF "was established for the purpose of providing compensation to livery drivers who are injured while on dispatch from independent livery bases with which they do not have an employment relationship" (id. at 1345; see Executive Law § 160-aaa [1], [5]; Workers' Compensation Law § 18-c [2] [a]; 12 NYCRR 309.1 [g], [h]; 309.3), whereas the NYBCOICF "is a separate entity that provides compensation to black car operators who are injured while on dispatch from central dispatch facilities that are registered as its members" (Matter of Cisnero v Independent Livery Driver Benefit Fund, 195 AD3d at 1346; see Executive Law § 160-cc [1], [3]). This Court ultimately found that, at the time of the incident, the claimant was an independent livery driver, emphasizing that the claimant "was not driving on behalf" of the NYBCOICF-affiliated base at the time of the incident and such base did not dispatch the call, and "[t]he fact that claimant was driving a vehicle that was affiliated with the NYBCOICF in an attenuated manner does not compel a contrary conclusion" (Matter of Cisnero v Independent Livery Driver Benefit Fund, 195 AD3d at 1347).
As in Matter of Cisnero, there is nothing in the record to indicate that Alava-Alvarado, the registrant of the vehicle, or decedent qualified as black car operators (see Executive Law §§ 160-aaa [6]; 160-cc [1]; Matter of Cisnero v Independent Livery Driver Benefit Fund, 195 AD3d at 1347). Further, Executive Law § 160-aaa (6) "does not specifically mention a vehicle's affiliated base as the determinative factor in classifying it as a livery" (Matter of Cisnero v Independent Livery Driver Benefit Fund, 195 AD3d at 1347). As such[*3], the fact that decedent was driving a vehicle that was affiliated with the NYBCOICF is not determinative (see id.). Given the record evidence, and insofar as the carrier does not dispute the Board's finding that decedent was on a call dispatched by an independent livery base at the time of his death, its determination that decedent was an independent livery driver and that his death is covered under Executive Law § 160-ddd, thereby rendering the carrier responsible for the related workers' compensation death benefits, will not be disturbed (see id.). The carrier's remaining claims have been considered and found to be without merit.
Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.