Matter of BMW of N. Am., LLC v Dean (2023 NY Slip Op 01894)

Matter of BMW of N. Am., LLC v Dean

2023 NY Slip Op 01894

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2020-04247
 (Index No. 620708/19)

[*1]In the Matter of BMW of North America, LLC, respondent, 
v
Avery Dean, appellant.

Robert J. Cava, P.C., West Babylon, NY, for appellant.
Biedermann Hoenig Semprevivo, New York, NY (Steven A. Andreacchi and Lucy Reynoso of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated October 1, 2019, Avery Dean appeals from an order of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated May 6, 2020. The order, insofar as appealed from, granted the petition and vacated the arbitration award.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Avery Dean purchased a new 2019 BMW X3 vehicle that was equipped with a feature known as the "comfort access system." The comfort access system allows an individual to unlock the vehicle's doors and start the engine without using the remote key. Shortly after purchasing the vehicle, Dean complained that the comfort access system did not always work. After bringing his vehicle to a service center on five occasions, Dean requested arbitration pursuant to General Business Law § 198-a. After a hearing, the arbitrator found that there were four or more attempts to remedy the same problem within the applicable warranty period and that the problem substantially impaired the value of the vehicle to Dean, and awarded Dean a full refund. The petitioner, BMW of North America, LLC (hereinafter BMW), commenced this proceeding against Dean pursuant to CPLR article 75 to vacate the arbitration award. The Supreme Court granted the petition and vacated the arbitration award. Dean appeals.
"Under CPLR 7511, an [arbitration] award may be vacated only if (1) the rights of a party were prejudiced by corruption, fraud or misconduct in procuring the award, or by the partiality of the arbitrator; (2) the arbitrator exceeded his or her power or failed to make a final and definite award; or (3) the arbitration suffered from an unwaived procedural defect" (Hackett v Milbank, Tweed, Hadley & McCloy, 86 NY2d 146, 154-155; see Matter of BMW of N. Am., LLC v Burgos, 143 AD3d 980, 981). Where, as here, the parties are subject to compulsory arbitration, "the award [must] be in accord with due process and supported by adequate evidence in the record" (Motor Veh. Mfrs. Assn. of U.S. v State of New York, 75 NY2d 175, 186; see Matter of Dorney v Jayco, Inc., 159 AD3d 697, 699).
Here, Dean failed to present evidence of a defect in materials or workmanship that [*2]was covered by an express warranty (see Matter of BMW of N. Am., LLC v Leonidou, 183 AD3d 444, 445; Matter of BMW of N. Am., LLC v Riina, 149 AD3d 420, 420). The evidence established that when this type of vehicle has not been operated for approximately two days, the vehicle enters a sleep mode which makes it temporarily unresponsive to signals from the remote key. The comfort access system will sometimes not work until the vehicle wakes from sleep mode. BMW's expert testified that this was not a defect but rather that the vehicle was performing as designed, in order to conserve the vehicle's battery. There was no showing that the condition impaired the operation or safety of the vehicle. Therefore, there is no basis in this record to find that the occasional nonfunctioning of the comfort access system substantially impaired the value of Dean's vehicle (see Matter of Saturn Corp. v Hurlburt, 284 AD2d 399, 400). Accordingly, the arbitration award was not supported by adequate evidence, and the Supreme Court properly granted the petition and vacated the arbitration award.
DILLON, J.P., RIVERA, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court