47 N.Y.2d 363 (1979)
Frederick A. O'Hara, on Behalf of Himself and All Others Similarly Situated, Respondent,
v.
Alfred B. Del Bello, as County Executive of the County of Westchester, et al., Appellants.
Court of Appeals of the State of New York.
Argued March 28, 1979.
Decided June 12, 1979.
Samuel S. Yasgur, County Attorney (Kenneth E. Powell, Jonathan Lovett and Peter J. Holmes of counsel), for appellants.
Marjorie E. Karowe for respondent.
Judges JASEN, WACHTLER and FUCHSBERG concur with Judge JONES; Judge GABRIELLI dissents in part and votes to modify in a separate opinion; Chief Judge COOKE taking no part.
*366 JONES, J.
An affirmance of an award of summary judgment to petitioner, granted on respondents' motion to dismiss the petition under CPLR 3211 (subd [a], pars 2, 7) prior to service of an answer, presents no reversible error of law in this court when it appears that the determination on the merits involved only a question of law which was argued by the parties on the motion and respondents have at no time identified or demonstrated the existence of any material factual issues. When there has been a failure to comply with the procedures and requirements of CPLR article 9 for determination of class action status for the litigation, however, class action relief is not available.
In this proceeding, in which officials of Westchester County have been directed by the courts below to honor and pay travel vouchers properly certified and presented to the county for payment for the period November, 1975 to April 1, 1977, the order of the Appellate Division must be modified to limit to the named petitioner, a court stenographer of the Supreme Court for the Ninth Judicial District, the relief that has been granted.
The proceeding was commenced on or about February 18, 1977 by the individual petitioner "on behalf of himself and all others similarly situated"  the others described as Supreme Court reporters in Westchester County who had been denied payment of their authorized and approved travel vouchers by the county  pursuant to CPLR article 78 for a judgment directing payment of properly certified travel vouchers, past and future. On the return day of the petition, March 24, 1977, respondents, county officials, without having served an answer, moved to dismiss the petition on the ground that petitioner had failed to exhaust administrative remedies available to him and that "No cause of action has been established" against respondents. Following oral argument and submission of supporting and opposing affidavits, on May 18, 1977 the Justice at Special Term granted judgment denying the motion *367 to dismiss and directing payment by them of all properly certified travel vouchers presented for the period from November, 1975 to April 1, 1977. No determination was included in the judgment whether the proceeding could be maintained as a class action and no order so determining was otherwise issued.
On July 21, 1977 the county officials moved for reargument of the judgment on the grounds that they had not been given notice that the court might treat the motion to dismiss as one for summary judgment and had not been afforded an opportunity to serve an answer and that no determination had ever been made regarding the propriety of maintaining a class action. Petitioner did not oppose the making of the motion for reargument but by responsive affidavit sought to justify and uphold Special Term's award of affirmative relief in his favor prior to service of an answer on the ground that only an issue of law on undisputed facts was presented, and to sustain the treatment of the proceeding as a class action as a discretionary, sua sponte determination by the court. The reply affidavit submitted on behalf of the county officials, although stating that there were issues of fact not yet before the court, failed to identify any such issue. The affidavit originally served with the notice of motion for reargument had been devoid even of an allegation of the existence of factual issues. It had however specified respects in which there had been failure of compliance with CPLR article 9 (the class action article)  namely, that no hearing had been held to determine the applicability of class relief, no order had ever been issued permitting the class action and no definitive description of the class had ever been made, either during the pendency of the proceeding or in the judgment, all as required by CPLR 901, 902, 903 and 905.
The motion for reargument was granted, but the court adhered to its previous decision, stating that only a question of law had been posed by the litigation and that the matter had been so argued by the county officials themselves. It added the observation that the class to which the ruling applied is small and their identities a matter of record  namely, the official court reporters of the Ninth Judicial District. The Appellate Division affirmed Special Term's order on the motion for reargument.
With respect to respondents' claim that, absent notice as prescribed by CPLR 3211 (subd [c]), summary judgment should not have been granted to petitioner on their motion to dismiss *368 the petition under paragraphs 2 and 7 of subdivision (a) of that section, we note that there were no disputed questions of fact, that none were identified when their motion for reargument was entertained, and that the sole issue was one of statutory construction on which rested the right to reimbursement from the county of travel expenses incurred by a court stenographer, the precise question fully addressed by the parties on the motion to dismiss. Additionally, the county officials have failed to show how they have been prejudiced by their failure to receive notice under subdivision (c). In these circumstances we cannot say that it was error as a matter of law for the Appellate Division to have affirmed the summary judgment granted below.
Inasmuch as there was a failure to comply with the procedural and substantive provisions of CPLR article 9 with respect to class action, however, there is no basis for granting relief other than to the individual party who brought the proceeding. Accordingly, the order of the Appellate Division should be modified to limit the relief to the named petitioner.
We cannot accept the proposal advanced by the dissenter that the case should now be remitted to Special Term for a determination under CPLR article 9 whether a class action may be maintained  a procedure which is not suggested by petitioner himself. The explicit design of article 9, as of rule 23 of the Federal Rules of Civil Procedure, the general scheme of which it incorporates, is that a determination as to the appropriateness of class action relief shall be promptly made at the outset of the litigation. The commentary accompanying the class action legislation sponsored by the Judicial Conference which was substantially enacted as article 9 by chapter 207 of the Laws of 1975 included the statement: "Proposed section 902 would adopt the federal policy of determining, at least tentatively, the propriety of maintaining a class action in the initial stages of the proceedings" (Twenty-first Ann Report of NY Judicial Conference, 1976, p 252). Of particular significance, too, is the sentence in the Judicial Conference Report which follows that just quoted: "A wide range of discretion would enable the court to vary the order at any time before reaching a decision on the merits." (Id.; emphasis added.) Also notable is the fact that, when section 902 was enacted by the Legislature it specified in even more explicit language than did its Federal counterpart (Fed Rules Civ Prac, rule 23, subd [c], par [1])  the latter being the form *369 proposed by the Judicial Conference  the time for class action status determination. Whereas the Federal rule and the Judicial Conference proposal provided that the determination shall be made "As soon as practicable after the commencement of the action", section 902 as enacted requires that the plaintiff shall move for an order to determine class action status within 60 days after time for service of defendant's responsive pleading has expired  clearly a time early in the litigation and one contemplating address to the issue whether the litigation shall proceed as a class action well before any determination on the merits of the action.[*]
To countenance making the determination as to the identity of the beneficiaries on whose behalf the litigation had been prosecuted or defended after its outcome is known would be to open the possibility both of conferring a gratuitious benefit on persons who have not been parties and were not at any time exposed to the risk of an adverse adjudication and further of substantially enlarging the liabiility of the loser beyond anything contemplated during the contest and resolution of the issues on their merits. Additionally, that the resolution on the merits would be known might operate inescapably and understandably to affect the determination as to class action status.
Petitioner's remedy in this instance would have been for him, on learning of the disposition at nisi prius to grant class action relief but without conformity with the requirements of article 9, then promptly to have sought  or to have joined with respondents in seeking  reargument and reconsideration at Special Term to assure compliance with the procedures mandated by the statute, rather than urging the propriety of the court's handling of the matter. Having chosen to accept the premature granting of class action relief and to rely on arguments that the court's disposition was authorized and proper, he cannot now be permitted to return for a second opportunity to establish entitlement to class action status.
In modifying the order of the Appellate Division such that *370 the named petitioner retains the judgment favorable to him, we record that in our court the parties did not address the merits of the claim for reimbursement by the county in brief or on oral argument.
The order of the Appellate Division should be modified, without costs, to limit to the named petitioner the relief granted by Supreme Court, and, as so modified, affirmed.
GABRIELLI, J. (dissenting in part).
I respectfully dissent in part. While I agree with the majority's decision to sustain the Appellate Division affirmance of the award of summary judgment to the named petitioner, I cannot concur in this court's action in limiting all relief to the named petitioner only, solely because of Special Term's failure to follow proper procedures for certification of a class action. Rather, I would remit the matter to Special Term for a determination, as mandated by CPLR article 9, whether class action status is appropriate in this instance and, if so, for certification of the proper class.
This article 78 proceeding was commenced by petitioner O'Hara as a class action brought on behalf of himself and all "those persons employed as Supreme Court Reporters in the County of Westchester, New York who have been denied payment of their authorized and approved travel vouchers by the County of Westchester". The petition alleged that since November, 1975 Westchester County had refused to reimburse court reporters for travel expenses incurred while assigned to Supreme Court, Westchester County. The relief requested was twofold: payment of all vouchers already submitted, and an order instructing the county to continue to honor such vouchers in the future.
Some 26 days after the proceeding was commenced, and without filing an answer, respondents moved to dismiss the petition on the ground that it failed to state any cause of action since the State, and not Westchester County, was liable for the court reporters' travel expenses, and, further, that the petitioner had failed to seek reimbursement from the State. Petitioner O'Hara opposed the motion to dismiss, contending that pursuant to section 313 of the Judiciary Law the county was responsible for these expenses. Additionally, O'Hara requested the court to direct respondents to file and serve an answer. Instead, some 16 days after the motion to dismiss was made, Special Term sua sponte and without notice to the *371 parties converted the motion to dismiss into a motion for summary judgment, and granted summary judgment ordering respondents to "pay all submitted travel vouchers which have been properly certified" as well as those to be submitted in the future.
Respondents moved to reargue, contending that it was error to award summary judgment without notice and without affording respondents an opportunity to answer, and that the court had also erred in granting relief to the class without following the procedures provided by CPLR article 9. Special Term granted the motion to reargue, but then adhered to its original decision, concluding that summary judgment was proper because the only issue presented in the proceeding was the question of law raised on the motion to dismiss, and that there was no need for a class certification procedure since "the class to which the ruling applies is small and their identities are a matter of record". Respondents appealed to the Appellate Division, which affirmed, and we then granted respondents leave to appeal to this court.
I am in full agreement with the conclusion reached by the majority of this court that we should not set aside the grant of summary judgment to O'Hara, the named petitioner. I cannot concur, however, in the majority's arbitrary dismissal of the claims of the other members of the class at this late date simply because Special Term acted hastily in granting relief to the class. I know of no rule of law or equity which supports this result, and I find it to be both unjust and repugnant. Where the court of first instance prematurely grants relief to a litigant, the proper corrective action is remittal for continuation of the proceeding, not dismissal of the claim. The rule followed by the majority would, in effect, seem to mandate that in any case in which we decided that the courts below erred by granting summary judgment to a plaintiff despite the existence of a question of fact, we should then dismiss the complaint rather than remitting for further proceedings. So stated, the oddity of this proposition is manifest, and yet that is, in effect, what the majority of this court has determined to do in this instance.
This result is especially abhorrent because the flaw in the certification of the class is not due to any action or inaction upon the part of the petitioner, but rather is solely the result of Special Terms' precipitous decision. To penalize the as yet unknown members of the class and to deprive them of the *372 right to recover which would otherwise result from the grant of summary judgment to the named petitioner, solely because of judicial error, is both unjust and unreasonable. CPLR 902 requires the person who commences a class action to move for permission to maintain the action as a class action within 60 days after the time for service of a responsive pleading has expired. In this instance, the time for service of an answer never expired because summary judgment was granted sua sponte first, and hence the time within which petitioner was required to move for class certification never began to run. In short, petitioner had no opportunity to correct what this court now deems to be not merely error, but fatal error.
I note that it is quite possible that class certification would not be proper in this instance. For one thing, the class does indeed appear to be quite small, and class certification is available only if "the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable" (CPLR 901, subd a, par 1). Moreover, class certification might be improper insofar as this proceeding is aimed at the correction of errors in governmental operations, since "on the granting of any relief to the [named petitioner] comparable relief would adequately flow to others similarly situated under principles of stare decisis" (Matter of Bey v Hentel, 36 N.Y.2d 747, 749; accord Matter of Martin v Lavine, 39 N.Y.2d 72, 75; Matter of Jones v Berman, 37 N.Y.2d 42, 57). That rationale, however, would appear inapplicable where an accrued claim for damages or monetary relief is involved, for relief to subsequent petitioners would in no way aid those other members of the class whose valid claims might otherwise become time-barred in the interim. Moreover, our concern for the possible impaired efficiency of governmental operations is less justifiable where the claims are not likely to repeatedly arise and the class of claimants may be readily defined (see Beekman v City of New York, 65 AD2d 317, 318-319). At any rate, these determinations must be made in the first instance by the court of original jurisdiction, not by this court.
Accordingly, I vote to modify the order appealed from by remitting the matter to Supreme Court, Westchester County, for further proceedings on the issue of class certification, and would otherwise affirm.
Order modified, without costs, in accordance with the opinion herein and, as so modified, affirmed.
NOTES
[*] Although there are instances of cases under the Federal rule in which the certification as a class action has been withheld until after the merits had been determined, those cases have had unique characteristics and provide no precedent for a similar result in this case (e.g., Jimenez v Weinberger, 523 F.2d 689, cert den sub nom. Mathews v Jimenez, 427 US 912 [holding limited to suits under rule 23, subd (b), par (2)]; Alexander v Aero Lodge No. 735, 565 F.2d 1364 [action proceeded to trial as class action]). Certification as a class action after determination of the merits was held improper in Peritz v Liberty Loan Corp. (523 F.2d 349).