▉ STEVEN M. ALEVY, Doing Business as BANKERS CAPITAL REALTY ADVISORS, Appellant, v ISAAC UMINER, Respondent, et al., Defendants. [32 NYS3d 92]—

Judgment, Supreme Court, New York County (Eileen A. Rakower, J., and a jury), entered February 5, 2014, in defendant Isaac Uminer's favor, unanimously affirmed. Appeal from order, same court and Justice, entered September 27, 2013, which denied plaintiff's motion to set aside the verdict, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff sued defendant Uminer for breaching a written

Independent Contractor Agreement (ICA). Defendant denies that he signed the ICA. He testified that, while he may have signed an agreement, that agreement would have been limited to cooperative mortgages, and was not the ICA. Plaintiff contends that, pursuant to the best evidence rule, which "requires the production of an original writing where its contents are in dispute and sought to be proven" (*People v Haggerty*, 23 NY3d 871, 876 [2014] [internal quotation marks omitted]), the trial court should have precluded defendant from testifying about an agreement that he might have signed.

Even assuming, arguendo, that the trial court erred in admitting defendant's testimony in violation of the best evidence rule, the error was harmless since there was overwhelming evidence to support the jury's finding that the ICA was not signed by defendant (*see id.*). Defendant testified that he did not recall signing the agreement. He also testified that the signature on the proffered agreement did not appear to be his, because the U in Uminer did not have a loop on it, while his signature does. The jury was shown copies of defendant's signature with a loop. There were additional issues with the agreement that called into question its authenticity, i.e., the second page was not numbered, paragraph 5 was missing, and the fax time stamps on the pages were out of sequence. Finally, the jury was presented with sworn deposition testimony that plaintiff had provided in another case, where he denied under oath that he had any written agreement with defendant. Concur—Acosta, J.P., Renwick, Manzanet-Daniels and Webber, JJ.