This opinion is uncorrected and subject to revision before publication in the New York Reports.
-----------------------------------------------------------------------

No. 121
Geoffrey Desrosiers, &c.,
         Respondents,
      v.
Perry Ellis Menswear, LLC,
et al.,
         Appellants.
-------------------------
No. 122
Christopher Vasquez, &c.,
         Respondent,
      v.
National Securities Corporation,
         Appellant,
Mark Goldwasser,
         Defendant.

Case No. 121:
         Frank H. Henry, for appellants.
         LaDonna M. Lusher, for respondents.


Case No. 122:
         Daniel J. Buzzetta, for appellant.
         LaDonna M. Lusher, for respondent.


FAHEY, J.:

        CPLR 908 provides that "[a] class action shall not be

dismissed, discontinued, or compromised without the approval of

the court," and that "[n]otice of the proposed dismissal,

discontinuance, or compromise shall be given to all members of

the class in such manner as the court directs."  On this appeal,

- 1 -

we must determine whether CPLR 908 applies only to certified class actions, or also to class actions that are settled or dismissed before the class has been certified. We conclude that CPLR 908 applies in the pre-certification context. As a result, notice to putative class members of a proposed dismissal, discontinuance, or compromise must be given.

I.

Plaintiff Geoffrey Desrosiers worked as an unpaid intern for Perry Ellis Menswear, LLC in 2012. In February 2015, he commenced a class action against defendants Perry Ellis Menswear and an affiliated entity (collectively, Perry Ellis), alleging that Perry Ellis improperly classified employees as interns. He sought wages on behalf of himself and similarly-situated individuals.

In March 2015, Perry Ellis sent an offer of compromise to Desrosiers, which he accepted. On May 18, 2015, Perry Ellis moved to dismiss the complaint. By that date, the time within which Desrosiers was required to move for class certification pursuant to CPLR 902 had expired. Desrosiers did not oppose dismissal of the complaint, but he filed a cross motion seeking leave to provide notice of the proposed dismissal to putative class members pursuant to CPLR 908. Perry Ellis opposed the cross motion, arguing that notice to putative class members was inappropriate because Desrosiers had not moved for class certification within the required time. Supreme Court dismissed

the complaint but denied the cross motion to provide notice to putative class members.

On appeal, the Appellate Division reversed the order insofar as appealed from by Desrosiers (Desrosiers v Perry Ellis Menswear, LLC, 139 AD3d 473 [1st Dept 2016]).  The court concluded that CPLR 908 "is not rendered inoperable simply because the time for the individual plaintiff to move for class certification has expired," and that notice to putative class members is "particularly important under the present circumstances, where the limitations period could run on the putative class members' cases following discontinuance of the individual plaintiff's action" (id. at 474).

Plaintiff Christopher Vasquez was employed by defendant National Securities Corporation (NSC) as a financial products salesperson in 2007 and 2008.  In June 2014, he filed a class action against NSC on behalf of himself and all similarly-situated individuals who worked for NSC after June 2008.  Vasquez alleged that the compensation paid by NSC fell below the required minimum wage, and he sought wage and overtime compensation for himself and similarly-situated individuals.

The parties agreed to postpone a motion for class certification in order to complete pre-certification discovery.  In February 2015, before Vasquez had moved for class certification, NSC made a settlement offer, which Vasquez accepted the following month.  NSC thereafter moved to dismiss

the complaint.  Vasquez cross-moved to provide notice of the proposed dismissal to putative class members pursuant to CPLR 908.  NSC opposed the cross motion, asserting that CPLR 908 applies only to certified class actions.

Supreme Court granted the cross motion to provide notice to putative class members and granted NSC's motion to dismiss the complaint, but directed that the action would not be marked disposed until after notice had been issued (Vasquez v National Sec. Corp., 48 Misc 3d 597, 601 [Sup Ct, NY County 2015]).  On appeal, the Appellate Division affirmed (Vasquez v National Sec. Corp., 139 AD3d 503 [1st Dept 2016]).  Adhering to its 1982 decision in Avena v Ford Motor Co. (85 AD2d 149 [1st Dept 1982]), the First Department reasoned that "[t]he legislature, presumably aware of the law as stated in Avena, has not amended CPLR 908" (Vasquez, 139 AD3d at 503).

In each case, the Appellate Division granted the defendant leave to appeal to this Court, certifying the question whether its order was properly made.  We now affirm in both cases.

II.

"In matters of statutory interpretation, our primary consideration is to discern and give effect to the Legislature's intention" (Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities, 19 NY3d 106, 120 [2012]).  "The statutory text is the clearest indicator of legislative

intent and courts should construe unambiguous language to give effect to its plain meaning" (Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660 [2006]; see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]).

The text of CPLR 908 is ambiguous with respect to this issue. Defendants argue that the statute's reference to a "class action" means a "certified class action," but the legislature did not use those words, or a phrase such as "maintained as a class action," which appears in CPLR 905 and 909. Plaintiffs assert that an action is a "class action" within the meaning of the statute from the moment the complaint containing class allegations is filed, but the statutory text does not make that clear.

Similarly, the statute's instruction that notice of a proposed dismissal, discontinuance, or compromise must be provided to "all members of the class" is inconclusive. Defendants contend that there are no "members of the class" until class certification is granted pursuant to CPLR 902 and the class is defined pursuant to CPLR 903. Yet the legislature did not state that notice should be provided to "all members of the certified class," or "all members of the class who would be bound" by the proposed termination, or some other phrase that would have made the legislature's intent clear. In the context of these ambiguities, we turn to other principles of statutory interpretation and sources beyond the statutory text itself to

discern the intent of the legislature (see Albany Law School, 19 NY3d at 120; Matter of Shannon, 25 NY3d 345, 351 [2015]).

CPLR article 9 was enacted in 1975, replacing former CPLR 1005. The Governor's Approval Memorandum stated that the legislation would "enable individuals injured by the same pattern of conduct by another to pool their resources and collectively seek relief" where their individual damages "may not be sufficient to justify the costs of litigation" (Governor's Approval Mem, Bill Jacket, L 1975, ch 207, 1975 NY Legis Ann at 426, 1975 McKinney's Session Laws of NY at 1748). With respect to CPLR 908, which the legislature has not amended since it was originally enacted in 1975, the State Consumer Protection Board observed that the purpose of that statute "is to safeguard the class against a 'quickie' settlement that primarily benefits the named plaintiff or his or her attorney, without substantially aiding the class" (Mem from State Consumer Protection Board, May 29, 1975 at 7, Bill Jacket, L 1975, ch 207).

The New York State Bar Association's Banking Law, Business Law, and CPLR Committees, which opposed the bill, recommended that CPLR 908 be amended such that its notice provisions would apply only to certified class actions (see Letter from NY State Bar Association Banking Law, Business Law, and CPLR Committees, at 5, Bill Jacket, L 1975, ch 207). Those committees "agree[d] that any settlement or withdrawal of an action commenced as a class action should be subject to court

approval," but expressed the view that "if the dismissal, discontinuance or compromise is effected prior to the determination that a class action is proper, the court should be permitted to dispense with notice to class members" (id.).

In addition, CPLR article 9 was "modeled on similar federal law," specifically, Federal Rules of Civil Procedure rule 23 (Governor's Approval Mem, L 1975, ch 207; see Siegel, NY Prac § 139 at 247 [5th ed 2011]). At the time, rule 23 (e) was virtually indistinguishable from the current text of CPLR 908; it provided that "[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs" (former Fed Rules Civ Pro rule 23 [e]).

The majority of federal circuit courts of appeal to address the issue concluded that the prior version of rule 23 (e) also applied in the pre-certification context, but that notice to putative class members before certification was discretionary, after consideration of factors such as potential collusion and the publicity the class action had received (see e.g. Doe v Lexington-Fayette Urban County Govt., 407 F3d 755, 761-763 [6th Cir 2005], cert denied 546 US 1094 [2006]; Crawford v F. Hoffman-La Roche Ltd., 267 F3d 760, 764-765 [8th Cir 2001]; Diaz v Trust Territory of Pac. Is., 876 F2d 1401, 1408-1409 [9th Cir 1989]; Glidden v Chromalloy Am. Corp., 808 F2d 621, 626-628 [7th Cir

1986]).[1]  Conversely, the United States Court of Appeals for the Fourth Circuit concluded that the prior version of the rule mandated notice to class members only in certified class actions (see Shelton v Pargo, Inc., 582 F2d 1298, 1314-1316 [4th Cir 1978]).[2]  Thus, faced with virtually identical language in the former version of Federal Rule of Civil Procedure rule 23 (e), most federal circuit courts of appeal to consider the issue concluded that rule 23 (e) applied even before a class had been certified.[3]

----

[1] Although these federal courts held that notice to putative class members before certification was discretionary under the former version of rule 23 (e), the parties do not ask us to read discretion into CPLR 908, nor could we based on the text of that statute.  CPLR 908 states that notice "shall" be provided, but that the *manner* of notice will be "as the court directs."  The only question on this appeal is whether mandatory notice is required only after certification or also before certification. For similar reasons, we reject plaintiffs' contention that the Appellate Division ordered notice in an exercise of its discretion, and therefore that its orders are reviewable by this Court only for an abuse of discretion as a matter of law.  These appeals present an issue of law.

[2] The Fourth Circuit shared the concern that pre-certification settlements between the named plaintiff and the defendant might involve collusion.  The circuit court instructed district courts to examine proposed settlements for collusion or prejudice to absent putative class members and, if such collusion or prejudice existed, to hold a certification hearing and give notice to members of the class in the event that certification was granted (see Shelton, 582 F2d at 1315-1316).

[3] Other circuit courts of appeal did not directly address this issue before the 2003 amendment to rule 23 (e) (see e.g. Rice v Ford Motor Co., 88 F3d 914, 919 n 8 [11th Cir 1996] ["In this Circuit, the applicability of Rule 23(e) to proposed classes prior to their certification is an open question"]).  Many federal district courts also considered this issue (see generally

In New York, the only appellate-level decision to address this issue as it pertains to CPLR 908 (other than the two decisions on appeal here) is <u>Avena v Ford Motor Co.</u> (85 AD2d 149 [1st Dept 1982]). In that case, the named plaintiffs settled with the defendant before class certification, and the settlement was without prejudice to putative class members (see <u>id.</u> at 151). The trial court refused to approve the settlement without first providing notice to the putative class members (see <u>id.</u>). The Appellate Division affirmed that determination, concluding that CPLR 908 applied to settlements reached before certification. The First Department reasoned that the "potential for abuse by private settlement at this stage is . . . obvious and recognized" (<u>id.</u> at 152), and that the named plaintiffs had a fiduciary obligation to disclose relevant facts to putative class members (see <u>id.</u> at 153, 156).

This Court has never overruled <u>Avena</u> or addressed this particular issue, and no other department of the Appellate Division has expressed a contrary view. Consequently, for 35 years <u>Avena</u> has been New York's sole appellate judicial interpretation of whether notice to putative class members before certification is required by CPLR 908.

Generally, "we have often been reluctant to ascribe

---

Annotation, <u>Notice of Proposed Dismissal or Compromise of Class Action to Absent Putative Class Members in Uncertified Class Action Under Rule 23 (e) of Federal Rules of Civil Procedure</u>, 68 ALR Fed 290).

persuasive significance to legislative inaction" (Boreali v Axelrod, 71 NY2d 1, 13 [1987]; see Clark v Cuomo, 66 NY2d 185, 190-191 [1985]). We have distinguished, however, "instances in which the legislative inactivity has continued in the face of a prevailing statutory construction" (Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd., 41 NY2d 84, 90 [1976]). Thus, "[w]hen the Legislature, with presumed knowledge of the judicial construction of a statute, forgoes specific invitations and requests to amend its provisions to effect a different result, we have construed that to be some manifestation of legislative approbation of the judicial interpretation, albeit of the lower courts" (Matter of Alonzo M. v New York City Dept. of Probation, 72 NY2d 662, 667 [1988]). Stated another way, "it is a recognized principle that where a statute has been interpreted by the courts, the continued use of the same language by the Legislature subsequent to the judicial interpretation is indicative that the legislative intent has been correctly ascertained" (Matter of Knight-Ridder Broadcasting v Greenberg, 70 NY2d 151, 157 [1987]). "The underlying concern, of course, is that public policy determined by the Legislature is not to be altered by a court by reason of its notion of what the public policy ought to be" (id. at 158).

Granted, the persuasive significance of legislative inaction in this context carries more weight where the legislature has amended the statute after the judicial

interpretation but its amendments "do not alter the judicial interpretation" (id. at 157), or when the judicial interpretation stems from a decision of this Court or "unanimous judgment of the intermediate appellate courts" (Anheuser-Busch, Inc. v Abrams, 71 NY2d 327, 334 [1988]).  Nevertheless, the fact that the legislature has not amended CPLR 908 in the decades since Avena has been decided is particularly persuasive evidence that the court correctly interpreted the legislature's intent as it existed when CPLR 908 was enacted in light of developments occurring in the years after Avena was decided.

Specifically, in 2003, Federal Rules of Civil Procedure rule 23 (e) was amended to clarify that the district court must approve any settlement, voluntary dismissal, or compromise involving a "certified class," and that the court must provide notice of such to "all class members who would be bound" by the proposal (Fed Rules Civ Pro rule 23 [e]).  Thus, under the current federal rule, mandatory approval and notice of a proposed settlement is now required only for certified classes.

That same year, the New York City Bar Association's Council on Judicial Administration recommended several changes to CPLR article 9, including amendments to CPLR 908.  The Council opined that, unlike the updated federal rule, CPLR 908 should continue to require judicial approval of settlement at the pre-certification stage, but that notice to putative class members before certification should be discretionary, not mandatory, and

should be provided when necessary to protect members of the putative class (see New York City Bar Association, Council on Judicial Administration, State Class Actions: Three Proposed Amendments to Article 9 of the Civil Practice Law and Rules, 58 Rec of Assn of Bar of City of NY at 316 [2003], available at http://www.nycbar.org/pdf/report/Art9.draft.082703.MWord.pdf [last accessed Dec. 7, 2017]).  Various committees of the City Bar made the same recommendation in 2015 (see New York City Bar Association, State Courts of Superior Jurisdiction Committee, Council on Judicial Administration, and Litigation Committee, Proposed Amendments to Article 9 of the Civil Practice Law and Rules to Reform and Modernize the Administration of Class Actions in NYS Courts, Nov. 5, 2015, available at http://www2.nycbar.org/pdf/report/uploads/20072985-ClassActionsProposedAmendsArt9CPLRJudicialAdminLitigationStateCourtsReportFINAL11515.pdf [last accessed Dec. 7, 2017]).  Notwithstanding these repeated proposals, and the legislature's awareness of this issue (see 2016 NY Assembly Bill A9573; cf. Roberts v Tishman Speyer Props., L.P., 13 NY3d 270, 287 [2009]), the legislature has left CPLR 908 untouched from its original version as enacted in 1975.

        Thus, despite criticisms of the Avena decision (see e.g. Joseph M. McLaughlin, 1982 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 908 [1976 ed], 2005 Cumulative Pocket Part at 248-249), the 2003 amendment of the federal rule upon which CPLR 908 was modeled to address this

situation, and specific and repeated calls to the legislature to amend the statute, the legislature has not amended CPLR 908, either to state that Avena was not a correct interpretation of its original intent or to express its revised, present intent. Under these circumstances, and in light of the legislative history discussed above, we conclude that the legislature's refusal to amend CPLR 908 in the decades since Avena was decided indicates that the Avena decision correctly ascertained the legislature's intent (see Alonzo M., 72 NY2d at 667; Knight-Ridder, 70 NY2d at 157).

Any practical difficulties and policy concerns that may arise from Avena's interpretation of CPLR 908 are best addressed by the legislature (see Knight-Ridder, 70 NY2d at 158), especially considering that there are also policy reasons in favor of applying CPLR 908 in the pre-certification context, such as ensuring that the settlement between the named plaintiff and the defendant is free from collusion and that absent putative class members will not be prejudiced (see Avena, 85 AD2d at 152-155; see also Diaz, 876 F2d at 1409; Glidden, 808 F2d at 627; Vincent C. Alexander, Practice Commentaries, McKinneys Cons Laws of NY, Book 7B, CPLR 908, at 224-225).  The balancing of these concerns is for the legislature, not this Court, to resolve.

Accordingly, in both Desrosiers and Vasquez, the orders of the Appellate Division should be affirmed, with costs, and the certified questions answered in the affirmative.

Desrosiers, &c. v Perry Ellis Menswear, LLC, et al.;
Vasquez, &c. National Securities Corporation, et al.

Nos. 121 & 122

STEIN, J.(dissenting):

The majority finds ambiguity in CPLR 908 where none exists and, in my view, places undue weight on the First Department's holding in Avena v Ford Motor Co. (85 AD2d 149 [1st Dept 1982]). Even a cursory reading of the analysis in Avena reveals that it is not grounded in the unambiguous statutory text. We are not bound by the result in that case or by subsequent legislative inaction, and the passage of time does not alter that conclusion. Instead, it is within the province of this Court of last resort to interpret the statute as a matter of law, guided by our principles of statutory interpretation.

In that regard, the requirement in CPLR 908 that notice be provided "to all members of the class" is expressly limited to a "class action." In each of the actions here, plaintiffs did not comply with the requirements under article 9 of the CPLR that are necessary to transform the purported class action into an actual class action, with members of a class bound by the disposition of the litigation. Thus, there is no class action here, and no basis under the statutory scheme to mandate CPLR 908 notice to putative members of an undefined class that an individual claim -- of which they had received no prior notice

- 1 -

and in which they had taken no part -- is being settled, but the settlement is not binding on them.  For these reasons, I respectfully dissent.

-I-

"It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature, and where the statutory language is clear and unambiguous, the court should . . . give effect to the plain meaning of the words used" (Patrolmen's Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208 [1976]).  Therefore, "the starting point in any case of interpretation must always be the language itself" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]), considering the various statutory sections together with reference to each other (see Matter of New York County Lawyers' Assn. v Bloomberg, 19 NY3d 712, 721 [2012]).  We are also guided by the principle that "resort must be had to the natural signification of the words employed, and if they have a definite meaning, which involves no absurdity or contradiction, there is no room for construction and courts have no right to add to or take away from that meaning" (Majewski, 91 NY2d at 583 [internal quotation marks and citation omitted]).

Article 9 of the CPLR begins with CPLR 901, which specifies the prerequisites that must be satisfied for one or more members of a designated class to sue or be sued as

representative parties on behalf of the other members of that class. CPLR 902 requires the plaintiff "in an action brought as a class action" to "move for an order to determine whether it is to be so maintained" within 60 days after expiration of the time in which a defendant must serve responsive pleadings. Thereafter, "[t]he action may be maintained as a class action only if the court finds that the prerequisites under section 901 have been satisfied" (CPLR 902). In determining whether the action "may proceed as a class action," the court must consider certain factors, including the interests of the members of the purported class, the impracticability or inefficiency of proceeding separately, any pending litigation, the desirability of concentrating the litigation, and class action management difficulties that may arise (see CPLR 902 [1]-[5]). If the court allows the action to proceed as a class action, the order "permitting [the] class action" must describe the class (CPLR 903; see also CPLR 907).

Once the prerequisites of sections 901 and 902 have been met, reasonable notice of the commencement of the class action must be given to the certified class "in such manner as the court directs," except in the case of class actions brought primarily for equitable relief, in which case, the court has discretion to determine whether notice is necessary and appropriate (CPL 904 [a], [b]; see also Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR

904). Any judgment in a class action must describe the class, and such a judgment is binding only upon "those whom the court finds to be members of the class" (CPLR 905; see also CPLR 909).

CPLR 908 -- the provision at issue here -- prescribes that a "class action shall not be dismissed, discontinued, or compromised without the approval of the court. Notice of the proposed dismissal, discontinuance, or compromise shall be given to all members of the class in such manner as the court directs." The question before us is whether this provision requires notice to putative class members if the action is settled or dismissed prior to class certification. In my view, it does not.

CPLR 908 must be considered in the context of the statutory scheme set forth in the entirety of article 9. Inasmuch as "[an] action may be maintained as a class action only if the court finds that the prerequisites under section 901 have been satisfied" upon a motion brought within the specified time period pursuant to CPLR 902 (emphasis added), it follows that a purported class action is not actually "a class action" until so adjudicated by the court; concomitantly, prior to class certification, there are no "members of the class" to whom notice could be provided. Thus, there is no statutory basis for applying the CPLR 908 notice requirement when, as here, the litigation is resolved during the pre-certification phase without prejudice to the rights of putative class members.

There is nothing talismanic about styling a complaint

as a class action.  Indeed, any plaintiff may merely allege that a claim is being brought "on behalf of all others similarly situated."  However, under article 9 of the CPLR, the court, not a would-be class representative, has the power to determine whether an action "brought as a class action" may be maintained as such, and may do so only upon a showing that the prerequisites set forth in CPLR 901 have been satisfied (CPLR 902).[1] Logically, the converse of that proposition must also be true -- i.e., if the court has not made an affirmative finding that the CPLR 901 prerequisites have been met, the action may not be maintained as a class action.  Here, the fact that plaintiffs did not comply with CPLR 902 and did not obtain orders adjudicating

---

[1] Contrary to the majority's reasoning, CPLR 908 is not ambiguous because it uses the phrase "class action" instead of "maintained as a class action."  These phrases are used interchangeably throughout CPLR article 9 to refer to an action that has been adjudicated a class action by the court pursuant to the mechanism set forth in CPLR 902.  The phrase "class action" is repeatedly used throughout article 9 in instances, like CPLR 908, where it is readily apparent that the intent of the legislature is to refer to an actual "class action," not merely a purported class action (see CPLR 903 ["(t)he order permitting a class action shall describe the class"], 904 [certification notice requirement referring to "class actions"], 907 [permitting certain court orders in the "conduct of class actions"]).  The majority also posits that CPLR 908 is ambiguous because the phrases "class action" and "all members of the class" do not also include the word "certified."  This reasoning is unsound. Insofar as "[t]he language is certain and definite, intelligible and has an unequivocal meaning" (People ex rel. New York Cent. & Hudson Riv. R.R. Co. v Woodbury, 208 NY 421, 424 [1913]), within the context of the statutory scheme (see Bloomberg, 19 NY3d at 721), there is no occasion to engage in "conjecture about or to add to or to subtract from [the] words" used by the legislature (McKinney's Statutes, § 76, cmt).

their actions as class actions is fatal to their argument that notice of their settlements to purported class members is required.

This Court's holding in O'Hara v Del Bello (47 NY2d 363 [1979]) is instructive. In that case, the petitioner commenced a proceeding on behalf of himself and others similarly situated who were denied payment of authorized and approved travel vouchers by their employer. Supreme Court granted the petitioner summary judgment, directing the respondents to pay all properly submitted travel vouchers, including those to be submitted in the future. This Court ultimately affirmed the award of summary judgment to the petitioner, but modified the judgment to limit relief to only the named petitioner. We held that, "[i]nasmuch as there was a failure to comply with the procedural and substantive provisions of CPLR article 9 with respect to class action[s] . . . there [was] no basis for granting relief other than to the individual party who brought the proceeding" (O'Hara, 47 NY2d at 368). The Court reasoned that "[t]he explicit design of article 9 . . . is that a determination [pursuant to CPLR 902] as to the appropriateness of class action relief shall be promptly made at the outset of the litigation" (id.). The Court emphasized that:

> "To countenance making the determination as to the identity of the beneficiaries on whose behalf the litigation had been prosecuted or defended after its outcome is known would be to open the possibility both of conferring a gratuitous benefit on persons who have not been parties and were not at any time exposed to the risk of an adverse adjudication and further of substantially enlarging the liability of the loser

beyond anything contemplated during the contest and
    resolution of the issues on their merits"

(id. at 369).

The majority now construes CPLR 908, contrary to its
plain language, to permit the results this Court cautioned
against in O'Hara.  Plaintiffs in both actions failed to make
timely CPLR 902 motions for an order to certify the class.
Instead, they accepted settlement offers, allowed the deadline
for certification to pass, and declined to oppose defendants'
motions to dismiss, but nonetheless subsequently asked the court
to direct notice to putative class members under CPLR 908.  As in
O'Hara, by virtue of plaintiffs' failure to comply with CPLR
article 9 -- and particularly CPLR 902 -- there is no basis to
impose the notice requirements of CPLR 908, which only apply to
class actions, not purported class actions.

Directing such notice under these circumstances would
lack practical significance.  Indeed, the notice would
essentially inform putative class members that an individual
claim -- of which they received no prior notice -- was being
resolved by an agreement that was not binding on them.  Moreover,
as defendants point out, because no class had been certified
under CPLR 902, it is unclear to whom notice was purportedly
required.  Not only would this uncertainty create administrative
difficulties that would entail the expenditure of time and

resources by both the court and the parties,[2] the ultimate
purpose of the notice appears, at most, to be to allow
plaintiffs' counsel to identify more clients at the expense of
the court and defendants.[3]

_____

[2] Although plaintiffs minimize the significance of this
burden, mandating notice of pre-certification dismissals requires
that the court and the parties attempt to define both the group
of individuals to whom notice should be provided in the absence
of a defined class, as well as the content of that notice, all
concerning the resolution of individual claims that do not bind
the notice recipients in any way.  While, in some cases, it may
be easy to identify the putative class members, in others, it may
be difficult and time-consuming, as well as expensive, to
identify and provide notice to them.

[3] Any claimed virtue of plaintiffs' position that notice is
required to protect putative class members is a distraction.  If
plaintiffs desired to obtain relief on behalf of the putative
class members, they could have followed the proper procedure to
certify the class.  Instead, they settled their individual
claims.  Moreover, while it could reasonably be argued that
mandating notice here amounts to no more than solicitation on
behalf of plaintiffs' counsel, it is worth noting that directing
notice prior to certification could, under some circumstances,
actually inure to the detriment of a plaintiff's attorney.  For
example, a plaintiff's attorney could quickly conclude that a
putative class action has little merit, and would not wish to
bear the cost of notifying putative class members in a class that
could not, for instance, be certified due to lack of typicality
or predominance.  Therefore, knowing that the majority's rule may
impose the costs of notice even if no class is ever certified
(see CPLR 904 [d] [presumptively placing the costs of notice on
the plaintiff]), members of the plaintiffs' bar may be less
likely to commence some class actions in the first place.
Relatedly, the majority's rule may also discourage settlement.
If a plaintiff's attorney determines that there are deficiencies
with either the named plaintiff's claim or the class claim, or
both, the attorney would have an incentive to litigate and lose
the class certification motion rather than to stipulate to a
dismissal, because the stipulation of dismissal would require
notice, whereas (presumably, although the majority is unclear
about this), no notice would be required in the event that the

-II-

In concluding that CPLR 908 should be applied to actions that were never adjudicated to be class actions, the majority places great weight on the fact that lower courts have been bound to follow Avena (85 AD2d 149 [1st Dept 1982]) because this Court has not yet overruled that case, and no other Appellate Division Department has had the occasion to express a contrary view.  However, the interpretation of the plain language of CPLR 908 is now squarely before us, and inaction on the part of other appellate courts -- or the legislature -- in the wake of Avena is no hindrance to our adherence to the statutory text.

In my view, the First Department's decision in Avena was flawed and continued reliance on it is misguided.  It is evident, simply from the manner in which the First Department framed its inquiry, that the court departed from the statutory text, contrary to longstanding fundamental rules of construction (see Majewski, 91 NY2d at 583).  Instead of starting with the text of CPLR 908 itself -- which by its plain terms applies only to "class actions" -- the Avena court began its analysis by inquiring whether an action that merely "purports to be a class action" should nevertheless "be deemed 'a class action'" to which CPLR 908 would apply (Avena, 85 AD2d at 152 [emphasis added]).  Further, noting that the defendant in Avena did not dispute the applicability of CPLR 908, the First Department broadly stated,

court denied class certification.

without citation, that "[t]he fiduciary obligations of the named plaintiffs in instituting . . . [a class] action are generally recognized and not disputed" (85 AD2d at 152 [emphasis added]). It was solely on this basis that the First Department concluded "that CPLR 908 should apply to even a without prejudice (to the class) settlement and discontinuance of a purported class action before certification or denial of certification" (id.).

However, it is questionable whether a would-be class representative has fiduciary responsibilities in the pre-certification stage in light of the absence of the would-be representative's authority to bind putative class members (see CPLR 905; cf. Standard Fire Ins. Co. v Knowles, 568 US 588, 593 [2013]). Because there is no res judicata impact upon putative class members (see Rodden v Axelrod, 79 AD2d 29, 32 [3d Dept 1981]), their ability to bring their own claims is unimpaired and they are, therefore, not impacted by the resolution of the named plaintiff's individual claim.[4] Under these circumstances, it is difficult to understand why the Avena court would invoke fiduciary considerations in the pre-certification context and hold that CPLR 908 should apply to even a settlement that is without prejudice to the putative class. While the majority

---

[4] To the extent the Avena court expressed concern about the prospect of disingenuous plaintiffs using a frivolous class action claim as leverage in settlement negotiations, it bears noting that there are other mechanisms in place to prevent such abuse, including, of course, early certification (as required under article 9 of the CPLR) and sanctions.

glosses over whether it actually agrees with <u>Avena</u>, it adopts the rule of that case, following the novel theory espoused by the First Department, without question.  I would not acquiesce to the reasoning in <u>Avena</u>; instead, I would interpret the statute before us, which inexorably leads me to conclude that CPLR 908 notice is not required prior to certification.

Further, contrary to the majority's reasoning here, the legislature's failure to amend CPLR 908 after <u>Avena</u> was decided does not compel the conclusion that <u>Avena</u> correctly ascertained the legislature's intent (see <u>Matter of New York State Assn. of Life Underwriters v New York State Banking Dept.</u>, 83 NY2d 353, 363 [1994]; <u>see</u> <u>also</u> <u>People v Ocasio</u>, 28 NY3d 178, 183 [2016] [legislative "inaction is susceptible to varying interpretations"]).[5]  Despite acknowledging that this case does not present one of the scenarios in which legislative inaction may nonetheless carry some significance (<u>cf.</u> <u>Matter of Knight-</u>

_____

[5] Similarly, the memorandum of the consumer protection board and the bar association letter cited by the majority lack persuasive force (<u>see</u> majority op at 6-7).  To the extent the memorandum indicates that the purpose of CPLR 908 is to safeguard against a settlement benefitting only the named plaintiff or plaintiff's counsel to the detriment of the class (<u>see</u> Mem from State Consumer Protection Board, May 29, 1975 at 7, Bill Jacket, L 1975, ch 207), this concern is implicated only when the disposition would bind the class, i.e., after certification.  For its part, the bar association advanced its interpretation of CPLR 908 within the context of its advocacy for a discretionary notice regime (<u>see</u> Letter from NY State Bar Association Banking Law, Business Law, and CPLR Committees, at 5, Bill Jacket, L 1975, ch 207) ["the court should be permitted to dispense with notice to class members"]).  The legislature clearly rejected that approach.

Ridder Broadcasting v Greenberg, 70 NY2d 151, 157 [1987];

Anheuser-Busch, Inc. v Abrams, 71 NY2d 327, 334 [1988]), the

majority relies on the length of time that has passed since Avena

was decided.  Although Avena may enjoy a distinguished patina

owing to the passage of time, the decision has not withstood any

meaningful consideration by other appellate courts.  To the

contrary, the case has been followed by only a handful of lower

courts (see e.g. Astill v Kumquat Properties, LLC, 2013 NY Slip

Op 32964[U] [Sup Ct, NY County 2013]; Diakonikolas v New Horizons

Worldwide, Inc., 2011 NY Slip Op 33098[U] [Sup Ct, NY County

2011]), which were bound to do so.  Moreover, as Supreme Court

observed here, the "wisdom" of the rule announced in Avena "has

been questioned by many, including the CPLR commentary."  Thus,

the existence of Avena is no bar to this Court adopting a more

reasoned approach based on the express language of CPLR 908.

Finally, to the extent the majority relies on certain

federal cases construing the pre-2003 version of Rule 23 (e) of

the Federal Rules of Civil Procedure, each of those cases held

that notice to putative class members prior to certification was

discretionary, based on various considerations not included in

the rule itself (see Diaz v Trust Territory of Pacific Islands,

876 F2d 1401, 1408, 1411 [9th Cir 1989] [adopting the "majority

approach" and holding that "(n)otice to the class of pre-

certification dismissal is not . . . required in all

circumstances"]).  Those cases do not address the dispositive

issue in this case, which is -- as the majority acknowledges -- whether notice is <u>mandatory</u> under CPLR 908.  Although there may be policy considerations that support the discretionary rule crafted by various federal courts -- which was ultimately rejected by Congress (Fed Rules Civ Pro rule 23 [e]) -- our role here is to interpret the plain language of CPLR 908.

For the reasons stated herein, I would hold that the plain language of CPLR 908, taken in context, does not require notice to putative class members if the action is resolved prior to class certification.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>For Each Case:</u>  Order affirmed, with costs, and certified question answered in the affirmative.  Opinion by Judge Fahey. Chief Judge DiFiore and Judges Rivera and Feinman concur.  Judge Stein dissents in an opinion, in which Judges Garcia and Wilson concur.

Decided December 12, 2017