Cohen v Saks Inc. (2019 NY Slip Op 01162)





Cohen v Saks Inc.


2019 NY Slip Op 01162


Decided on February 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2019

Sweeny, J.P., Webber, Kahn, Kern, JJ.


8421N 652724/13 652725/13 652758/13 652793/13 652854/13 653036/13 652817/13

[*1] Samuel T. Cohen, etc., Plaintiff-Appellant,
v
Saks Incorporated, et al., Defendants-Respondents.
Thomas H. Jennings, etc., Plaintiff-Appellant,
v
Saks Incorporated, Defendants-Respondents.
Robert Oliver, etc., Plaintiff-Appellant,
v
Saks Incorporated, et al., Defendants-Respondents.
Joshua Teitelbaum, etc., Plaintiff-Appellant,
v
Saks Incorporated, et al., Defendants-Respondents.
Jack Oliver, etc., et al., Plaintiffs-Appellants,
v
Saks Incorporated, et al., Defendants-Respondents.
Sharon Golding, etc., Plaintiff-Appellant,
v
Saks Incorporated, et al., Defendants-Respondents.
Michelle Sabattini, etc., Plaintiff,
v
Saks Incorporated, et al., Defendants.


Brower Piven, New York (David A.P. Brower of counsel), for Samuel T. Cohen, appellant.
Levi & Korsinsky, LLP, New York (Eduard Korsinsky of counsel), for Thomas H. Jennings, appellant.
Brodsky & Smith, LLP, Mineola (Evan J. Smith of counsel), for Robert Oliver, appellant.
Bernstein Liebhard LLP, New York (Joseph R. Seidman, Jr., of counsel), for Joshua Teitelbaum, appellant.
Safirstein Metcalf LLP, New York (Peter Safirstein of counsel), for Jack Oliver and Wanda Oliver, appellants.
Wolf Haldenstein Adler Freeman & Herz LLP, New York (Daniel Tepper of counsel), for Sharon Golding, appellant.
Wilkie Farr & Gallagher LLP, New York (Tariq Mundiya of counsel), for Saks Incorporated, Hudson's Bay and Harry Acquisition Inc., respondents.
Wachtell Lipton Rosen & Katz, New York (Peter C. Hein of counsel), for Fabiola Arredondo, Robert B. Carter, Michael S.
Gross, Donald E. Hess, Marguerite W. Kondracke, Jerry W. Levin, Nora McAnniff, Stephen I. Sadove, and Jack L. Stahl, respondents.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about August 3, 2017, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion for leave to amend the complaint, unanimously modified, on the law and the facts, to grant the motion except as to the allegations that the Saks defendants breached their duty of loyalty, and otherwise affirmed, without costs.
Plaintiffs, shareholders of defendant Saks Incorporated, allege that the board of directors of Saks breached its fiduciary duties in connection with the $2.9 billion acquisition of Saks by defendant Hudson's Bay Company (the merger) insofar as the sale price failed to account for the significant value of Saks's flagship store in Manhattan. Plaintiffs seek leave to amend the complaint to add new allegations against the Saks defendants and an aiding and abetting breach of fiduciary duty claim against Saks's financial advisor during the merger, Goldman Sachs.
The majority of plaintiffs' proposed new allegations and claims are not palpably insufficient or clearly without merit under the law of Tennessee, where Saks was incorporated, and leave to amend is granted as to those allegations and claims (see Hart v General Motors Corp., 129 AD2d 179, 182 [1st Dept 1987], lv denied 70 NY2d 608 [1987]; Matter of Allion Healthcare Inc., 28 Misc 3d 1228[A], 2010 NY Slip Op 51519[U], *6 [Sup Ct, Suffolk County 2010]; see also CPLR 3025[b]). The fact that the documentary record is inconclusive with respect to the truth or falsity of many of these allegations does not mandate dismissal, as plaintiffs are not required to prove their allegations at this stage (MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]).
To the extent plaintiffs allege that the Saks defendants breached the duty of loyalty by virtue of the accelerated vesting of equity and change of control benefits they received in connection with the merger, these allegations are palpably insufficient. The directors' interests [*2]were aligned with those of the shareholders to obtain the highest value for their stock, and the change of control benefits stemmed from their employment agreements, which were negotiated years before any merger was contemplated and therefore did not arise by virtue of the Merger (see Chasen v CNL Hospitality Props., Inc., No CT-002739-03 [Tenn Cir Ct Sep. 13, 2006]; City of Pontiac Gen. Empls.' Retirement Sys. v Thomas Nelson, Inc., No. 06-501-I [Tenn Ch May 4, 2007]).
Although the releases in the parties' stipulation of settlement are sufficiently broad to cover the new allegations and claims, they do not pose an independent basis for denying the motion to amend, because, while class action settlements may generally be binding on the named plaintiffs even before judicial approval, the terms of the instant stipulation make clear that the releases do not become effective until after court approval, which has not yet occurred.
While plaintiffs' promise to support the stipulation and cooperate in seeking court approval is not an unenforceable statement of intention to do something in the future, it is nonetheless unenforceable. Plaintiffs and their counsel owe fiduciary duties to absent class members and thus cannot be required to support a settlement that is contrary to the best interests of those class members (see Wyly v Milberg Weiss Bershad & Schulman, LLP, 12 NY3d 400, 412 [2009]; Desrosiers v Perry Ellis Menswear, LLC, 30 NY3d 488, 497 [2017]; Blanchard v Edgemark Fin. Corp., 175 FRD 293, 298 [ND Ill 1997]).
In light of the foregoing, we need not reach plaintiffs' arguments with respect to rescission, vacatur, or the necessity of a preliminary approval determination.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 14, 2019
CLERK