Matter of Bingham v Town of Wheatfield (2020 NY Slip Op 04241)





Matter of Bingham v Town of Wheatfield


2020 NY Slip Op 04241


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


37 CA 19-00367

[*1]IN THE MATTER OF CHRISTINE C. BINGHAM, ET AL., CLAIMANTS-APPELLANTS,
v
TOWN OF WHEATFIELD, RESPONDENT-RESPONDENT. 






NAPOLI SHKOLNIK PLLC, MELVILLE (LILIA FACTOR OF COUNSEL), STAG LIUZZA, L.L.C., NEW ORLEANS, LOUISIANA, AND CHRISTEN CIVILETTO, EAST AMHERST, FOR CLAIMANTS-APPELLANTS.
BOND, SCHOENECK & KING, PLLC, BUFFALO (SCOTT M. PHILBIN OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered February 21, 2019. The order denied the application of claimants seeking, inter alia, leave to serve late notices of claim. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the application insofar as it sought leave to serve late notices of claim, upon condition that the proposed notices of claim are served within 30 days of the date of entry of the order of this Court, and as modified the order is affirmed without costs.
Memorandum: Claimants appeal from an order that denied their application seeking, inter alia, leave to serve 67 late notices of claim alleging damages arising from exposure to pollutants on or escaping from the Nash Road Landfill (Site), which is owned by respondent. The Site was designated a Class 3 State Superfund site in the 1980s and was upgraded to a Class 2 site in December 2015. As alleged in the proposed notices of claim, in November 2016 certain residents living near the Site received the results of environmental testing conducted on their properties, which revealed contamination. A number of affected individuals served timely notices of claim on respondent in early 2017. Four additional groups of claimants filed applications for leave to serve late notices of claim, which were granted. As relevant here, in March 2017, affected individuals also commenced a federal class action suit against, among others, respondent.
Claimants in the instant case served notices of claim on respondent on December 19 and 20, 2018. On December 20, 2018, claimants also filed an application seeking, among other things, an order declaring that the notices were timely served or leave to serve late notices of claim. Supreme Court determined, inter alia, that the notices of claim were untimely pursuant to General Municipal Law
§ 50-e (1) (a) and that claimants thus were required to seek leave to serve late notices of claim, which the court denied.
As an initial matter, we reject claimants' contention that the notices of claim served on December 19 and 20, 2018, were timely pursuant to General Municipal Law § 50-e (1) (a). The latest accrual date alleged in the notices of claim was "November 2016," and thus the 90-day period within which to serve the notices of claim without leave had expired by the time claimants' notices of claim were served.
Although the court has discretion to extend the 90-day period for serving a notice of claim, that extension cannot exceed the applicable statute of limitations (see General Municipal Law § 50-e [5]), here, one year and ninety days (see § 50-i [1] [c]). We reject claimants' [*2]contention that the three-year limitations period specified in CPLR 214-f applies and note that, even if that provision were applicable here, the claim would be time-barred inasmuch as that limitations period is measured from the "designation of [the Site] as a superfund site" (CPLR 214-f), which occurred in 1984.
Although more than one year and ninety days had elapsed between the November 2016 accrual date alleged in claimants' proposed notices of claim and their application for leave to serve late notices of claim, we agree with claimants that the filing of the federal class action in March 2017, in which claimants are putative class members, tolled the statute of limitations (see Badzio v Americare Certified Special Servs., Inc., 177 AD3d 838, 840-842 [2d Dept 2019]; see also Desrosiers v Perry Ellis Menswear, LLC, 139 AD3d 473, 474 [1st Dept 2016], affd 30 NY3d 488 [2017]; Osarczuk v Associated Univs., Inc., 130 AD3d 592, 595 [2d Dept 2015], lv dismissed 26 NY3d 1126 [2016]). As claimants contend, the toll applies even where individual claims are filed before the federal court has issued a determination regarding class certification (see In re WorldCom Sec. Litig., 496 F3d 245, 252 [2d Cir 2007]). Because the applicable statute of limitations was tolled and had not expired, the court retained discretion to grant or deny claimants' application for leave to serve late notices of claim (see General Municipal Law § 50-e [5]).
We further agree with claimants that the court abused its discretion in denying their application insofar as it sought leave to serve late notices of claim on respondent (see generally Kennedy v Oswego City Sch. Dist., 148 AD3d 1790, 1790 [4th Dept 2017]). "In determining whether to grant such [relief], the court must consider, inter alia, whether the claimant[s have] shown a reasonable excuse for the delay, whether the [respondent] had actual knowledge of the facts surrounding the claim within 90 days of its accrual, and whether the delay would cause substantial prejudice to the [respondent]" (Matter of Szymkowiak v New York Power Auth., 162 AD3d 1652, 1653 [4th Dept 2018] [internal quotation marks omitted]). Although claimants failed to establish a reasonable excuse for the delay, "[t]he failure to offer an excuse for the delay is not fatal where . . . actual notice was had and there is no compelling showing of prejudice to [respondent]" (id. at 1654 [internal quotation marks omitted]; see Terrigino v Village of Brockport, 88 AD3d 1288, 1288 [4th Dept 2011]).
"While the presence or absence of any single factor is not determinative, one factor that should be accorded great weight is whether the [respondent] received actual knowledge of the facts constituting the claim in a timely manner" (Matter of Turlington v Brockport Cent. Sch. Dist., 143 AD3d 1247, 1248 [4th Dept 2016] [internal quotation marks omitted]). Here, because respondent knew that its Site was upgraded to a Class 2 site in 2015 and because similarly situated individuals served timely notices of claim on respondent alleging "substantively identical" exposure to the Site's pollutants and resulting damages (see generally Matter of Holbrook v Village of Hoosick Falls, 168 AD3d 1263, 1264-1265 [3d Dept 2019]), we conclude that claimants established that respondent received the requisite actual timely knowledge of the claims claimants now assert. We further conclude that claimants met their initial burden of establishing that respondent would not be substantially prejudiced by the delay inasmuch as respondent has been investigating similar claims since early 2017 (see generally Szymkowiak, 162 AD3d at 1654) and that, in opposition, respondent failed to make a "particularized showing" of substantial prejudice caused by the late notice (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 468 [2016], rearg denied 29 NY3d 963 [2017]). We therefore modify the order by granting the application insofar as it sought leave to serve late notices of claim upon the condition that the proposed notices are served within 30 days of the entry of the order of this Court.
Claimants' remaining contentions are not properly before us on this appeal.
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court